the views expressed necessarily compel the determination that there were questions of fact which should have been submitted to the jury, and that the dismissal of the complaint was error.

Judgment reversed, and new trial granted, costs to abide the event. All concur.

(28 App. Div. 442.)

## NON-ELECTRIC FIBRE MFG. CO. v. PEABODY.

(Supreme Court, Appellate Division, Second Department.     April 19, 1898.)

PROOF OF JUDGMENT.

> Under Code Civ. Proc. § 933, providing that "a transcript from a record kept pursuant to law * * * is evidence, as if the original was produced," a mere transcript of a judgment affords evidence only of the fact that a judgment for some cause of action has been docketed, but does not prove what the judgment was for.

Appeal from trial term, Kings county.

Action by the Non-Electric Fibre Manufacturing Company against Royal C. Peabody. From a judgment directed in favor of plaintiff, defendant appeals.    Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Frank Harvey Field, for appellant.
Chas. Coleman Miller, for respondent.

GOODRICH, P. J.    This is the second appeal in this action.    The former appeal is reported in 21 App. Div. 247, 47 N. Y. Supp. 677. It was taken from a judgment entered on the verdict of a jury, and resulted in a reversal for error in rejecting proof.    The facts of the case are fully stated in that opinion.    At the last trial, the plaintiff, apparently to meet some suggestions of the opinion on the former trial, contended that there was an outstanding obligation of the company, and, to establish this fact, offered in evidence a transcript of a judgment against the company in favor of Daniel A. Carpenter.    The defendant objected to the evidence as incompetent, irrelevant, and immaterial, and not within the issues of the case, but it was admitted, and the defendant excepted.    At a later stage of the case, the defendant, with the permission of the court, stated a further objection to the introduction of the transcript on the ground that it was no evidence of the judgment, and that this was not the proper way to prove a judgment.    The court overruled the objection, and the defendant again excepted.    The court directed a verdict for the plaintiff.    There is no other evidence in the record as to any judgment, or that there were any creditors of the corporation, and we have no means of ascertaining upon what the judgment named in the transcript was based.    There is in evidence a letter from the defendant to Mr. Carpenter, in which he says:

> "I beg to acknowledge receipt of your favor of Feb. 1st, and beg to say that I will send you a check to-morrow or next day in reply to the same, or as soon as I can get time to get at my papers, which will certainly not be longer than two or three days.
>
> "Respectfully yours,                                   R. C. Peabody, Treas."

But this does not prove any cause of action or any valid claim against the company, nor any debt upon which the 'alleged judgment was rendered. We assume that the plaintiff offered the transcript in evidence to meet a suggestion in the former opinion, at page 251, 21 App. Div., and at page 680, 47 N. Y. Supp., where it was said:

"It is quite true that directors of a going concern having creditors, contracts, stockholders and a business, could not by agreement among themselves release each other from their obligations to the company, to the prejudice of the company, its stockholders and creditors."

The difficulty is that the proof offered does not meet the suggestion of the former opinion. There is no evidence of any valid claim against the company. The rendition of a bill by Carpenter would not prove it. The acknowledgment of some unspecified claim in the defendant's letter, and his promise to pay the claim referred to therein, although he appended the word "Treas." to his signature, does not prove it; and neither the judgment nor the existence of the original claim is anywhere alleged in the pleadings. The defendant had no notice by the pleadings of the plaintiff's intention to prove either any outstanding claim or the judgment itself. He might have desired to attack the judgment, because of jurisdictional defects, collusion, or fraud in obtaining it. The plaintiff, without citing authority, contends that section 933 of the Code of Civil Procedure authorizes the admission of the transcript of a judgment to prove the judgment itself. This section reads, "A transcript from a record kept, pursuant to law, * * * is evidence, as if the original was produced." What is the original referred to in the transcript? Only that a judgment for some cause of action has been docketed. That, and that only, is the evidence which the transcript affords. It proves no other fact than the recovery of a judgment, not what such judgment was for. Mr. Abbott, in his Trial Evidence (page 533), says: "There are four methods of proving a judgment, viz. by producing (1) a certified copy, (2) a sworn copy, (3) an exemplification, and (4) the original record."

We think the admission of the transcript of the judgment, instead of the judgment roll itself, without other evidence, was error. The judgment must be reversed, costs to abide the event. All concur.