(101 App. Div. 140)

BAILEY v. FRANSIOLI et al.

(Supreme Court, Appellate Division, Second Department. January 20, 1905.)

1. FRAUDULENT CONVEYANCES—ASSIGNMENT OF INDEBTEDNESS—EVIDENCE—SUFFICIENCY.

In an action by a judgment creditor to set aside as fraudulent an assignment by his debtor to his son of a claim in favor of the debtor, it was shown that in supplementary proceedings the debtor had testified that he had assigned the claim to his wife and S. in payment of debts due them, and that S. had delivered up an obligation of the debtor, and that subsequently, in another supplementary proceeding, he testified that he had assigned the same claim to his son in payment of borrowed money, and that the assignment to S. and his wife was never delivered. S. testified that defendant had never delivered any assignment, and that no obligation had been surrendered. It appeared that the son was 22 years of age, and had always lived at home with his parents. *Held*, that the evidence was sufficient to show the assignment void, under the express provisions of Personal Property Law (Laws 1897, p. 511, c. 417) § 24, as made for the purpose of defrauding creditors.

2. SAME—FRAUDULENT CONVEYANCES—ASSIGNMENT—PROTECTION OF ASSIGNEE—BURDEN OF PROOF.

Personal Property Law (Laws 1897, p. 512, c. 417) § 29, provides that the statute which makes a transfer in fraud of creditors void shall not affect the title of a purchaser for value, unless he had previous notice of the fraudulent intent of his immediate vendor, or of the fraud rendering void the title of such vendor. *Held*, that in an action to set aside, as fraudulent, an assignment of an indebtedness due a judgment debtor, plaintiff having shown a fraudulent intent on the part of the debtor, it was then incumbent on the assignee to bring himself within section 29.

3. SAME—EVIDENCE—TESTIMONY IN SUPPLEMENTARY PROCEEDINGS—INTRODUCTION BY PLAINTIFF—EFFECT.

Where, in an action by a judgment creditor to set aside, as fraudulent, an assignment by the debtor of a debt due to him, plaintiff introduced in evidence the examination of the defendant in supplementary proceedings to show that the debtor had acted to hinder and defraud his creditors, testimony in the supplementary proceedings, and embraced in that introduced in the action, showing that the assignee gave a valuable considera-

tion for the assignment of the claim, was not binding on plaintiff, and did not amount to proof of such consideration.

4. JUDGMENT—TRANSCRIPT—EVIDENCE—STATUTES.

    Code Civ. Proc. § 933, provides that a transcript from a record kept pursuant to law in a public office of the state is evidence, as if the original was produced. *Held* that, in an action by a judgment creditor to set aside an assignment by the judgment debtor on the ground that it was fraudulent as to creditors, the transcript of the judgment is evidence that a judgment has been duly recovered, and of all the matters which it recites to show the right of plaintiff to the relief which he seeks.

Appeal from Special Term, Kings County.

Action by Guy C. Bailey against Herbert D. Fransioli and others. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William O. Miles, for appellants Herbert D. and Margaret P. Fransioli.

A. C. Fransioli, in pro. per.

Ernest G. Stevens, for respondent.

WOODWARD, J. The plaintiff, a judgment creditor, brings this action to set aside as fraudulent an assignment by Augustus C. and Margaret P. Fransioli to their son, Herbert D. Fransioli, of a claim for $100,000 against the Pike and Craighead estates, in the state of New Jersey; such claim resulting from personal services rendered by Augustus C. Fransioli as an attorney and counselor at law. At the time this assignment was made, on April 27, 1903, the claim had been settled, or negotiations looking to that end had been practically consummated, for $11,000, but the money had not been paid over. The plaintiff held a judgment of the Supreme Court, entered in Dutchess county, against the assignors, for $2,408.90, and it is not disputed that the latter had no other property out of which to satisfy this judgment. Execution had been returned unsatisfied, and the complaint demanded that the assignee account to the respondent and satisfy his judgment. Upon the trial of the action the learned court made findings of fact and conclusions of law, and directed the entry of judgment granting the plaintiff the relief demanded. The defendants appeal to this court.

Aside from the formal proof of the judgment debt, the plaintiff put in evidence examinations of the several defendants in supplementary proceedings, in one of which the defendant Augustus C. Fransioli swore that he had assigned the claim against the New Jersey parties to his wife and one John T. Speroni in payment of debts due to them, that he owed them about $29,000, and that this assignment of the claim fully paid such indebtedness to Speroni. Subsequently, in another proceeding supplementary to execution, he testified that he had assigned this same claim to the defendant Herbert D. Fransioli in payment of borrowed money, and that he owned this claim all of the time up to the time that he made the assignment to his son. He says that "I signed an assignment to John T. Speroni and my wife April 2, 1901, but that assignment

was never delivered." He had on his former examination testified to the assignment to Speroni "just after this suit was commenced, 4 or 5 or 6 months ago, by an instrument in writing duly sealed and acknowledged, and delivered in duplicate, one to my wife and one to Speroni." And to make the matter more definite and certain he testified that "Mr. Speroni gave up an obligation of mine on account of this transfer. This was in the form of an account stated between me and Speroni, showing a balance due Speroni from me, $8,597, with interest from 31st of May, 1901. This settled our accounts, and I now owe him nothing whatever."

Both of these statements, made under oath, cannot be true; and the plaintiff, to make the case stronger, called Mr. Speroni, and proved by him that the defendant Augustus C. Fransioli had never delivered any such assignment to him, and that the witness had never surrendered any obligation which he might have held against the said defendant, and, as the defendants offered no evidence in the case, this is entirely uncontradicted. This evidence, in connection with the fact that the assignment of April 27, 1903, was made to Herbert D. Fransioli, son of the other two defendants, an unmarried man, 22 years of age, who had always lived at home with his parents, and who concededly knew in a general way of his father's financial embarrassments, and in connection with the fact that this was all of the property of the other defendants available for the payment of the plaintiff's judgment, is sufficient, we believe, to establish that the defendants Augustus C. Fransioli and Margaret P. Fransioli conveyed the claim against the New Jersey clients for the purpose of hindering, delaying, or defrauding the creditors of the assignors. Section 24, Personal Property Law (Laws 1897, p. 511, c. 417). In a somewhat analogous case (First National Bank v. Miller, 163 N. Y. 164, 167, 57 N. E. 308, 309) the court say:

"The trial court found the value of the real estate to exceed $45,000, and there was testimony to that effect. The consideration, consisting (with the exception of a small amount) of past indebtedness due from the father to the daughter, is not claimed by the defendants to have exceeded $38,000. Of this amount, over $1,000, certainly, was not a valid obligation of the father. The father, by the conveyance and transfer, stripped himself of all his property. This fact was known to the daughter. The parties resided together, and constituted members of the same family. The transfers were made about a month before the maturity of a note for some $9,000 made by the father, upon which the judgment which was the basis of this action was subsequently recovered. There appears to have been no change in the possession of the personal property transferred. 'Courts scrutinize with the utmost care business transactions between husband and wife alleged to be fraudulent as against creditors, because fraud is so easily practiced and concealed under cover of the marriage relation. Fraud is one of the broadest issues known to the law, for it can seldom be proved by direct evidence, but is dependent upon circumstances which, separately considered, may be quite immaterial, but when combined are not only material, but have great persuasive force.' White v. Benjamin, 150 N. Y. 258, 265, 44 N. E. 956, 958. The same rule applies, though possibly in a less degree, to a transfer from father to daughter when they are both members of the same family."

Obviously the same rule applies in the present case, and the fact that there was an actual delivery of the assignment to Herbert D. Fransioli, who remained at home, and presumptively brought

the money subsequently realized upon the claim into the family, has no particular bearing upon the case, except that it discloses the subtle cunning of the lawyer in dealing with the situation.

If we are right in the conclusion that the evidence justified the finding of the court at Special Term that the conveyance was made on the part of the assignors for the purpose of delaying, hindering, or defrauding their creditors, it follows that such conveyance was void (section 24, Personal Property Law; Laws 1897, p. 511, c. 417), unless the assignee took the claim for a valuable consideration, and without previous notice of the fraudulent intent of his immediate vendor. Section 29, Personal Property Law (Laws 1897, p. 512, c. 417). In considering similar provisions of the Revised Statutes, the court, in Starin v. Kelly, 88 N. Y. 418, 421, say:

"The statute declares that every conveyance or assignment of property made with the intent to hinder, delay, or defraud creditors shall, as against the person so hindered, delayed, or defrauded, be void, except that the title of a purchaser for a valuable consideration shall not in any manner be affected or impaired unless it shall appear that such purchaser had previous notice of the fraudulent intent of his immediate grantor. 2 Rev. St. p. 137, §§ 1, 5. To maintain the issue on the part of the defendant, it was sufficient for him, in the first instance, to show Besson's fraudulent intent in making the sale. Then it was for the plaintiff to show that he purchased the property for a valuable consideration. His title would then be unimpeachable unless the defendant should make it appear that he had previous notice of Besson's fraudulent intent, or that he participated in the fraud. Under the statute, a creditor assailing a transfer of property as fraudulent may succeed by simply showing a fraudulent intent on the part of the vendor, or such intent on the part of the vendee. If, however, the vendee shows that he paid a valuable consideration for the property transferred to him, then proof of the fraudulent intent of the vendor only is not sufficient. Then there must be proof also of a fraudulent intent on the part of the vendee, or that he had notice of the vendor's fraudulent intent. * * * The proof of notice on the part of the purchaser of the fraudulent intent of the vendor, when it is necessary to establish it, need not be direct and positive, but such notice may be proved, like any other fact in the case, by circumstances and proper and legitimate inferences to be drawn from the whole transaction."

Greenwald v. Wales, 174 N. Y. 140, 144, 66 N. E. 665, 667.

The defendants offered no evidence, but it is urged upon this appeal that as the plaintiff introduced in evidence the testimony of the several defendants in the supplementary proceedings, and as this evidence shows that the defendant Herbert D. Fransioli gave a valuable consideration for the assignment of the claim, and as this was undisputed, the plaintiff is bound by such evidence. We believe, however, that this contention is not sound. The salient issue in this action is fraud. The plaintiff did not call the defendants as witnesses. He merely put in evidence their sworn declarations as against each one personally, for the purpose of showing what they had said in reference to this claim under different circumstances, and from which the inference of a fraudulent intent on the part of the assignors might be inferred. In doing this the plaintiff did not assume to vouch for the honesty of the witnesses who had given this testimony, for his object was to show by their own statements, when their interests changed, that they were not honest; and this is peculiarly the effect of the testimony of Augustus C. Fransioli, as we have already pointed out. The latter has been

shown, by his contradictory sworn statements in reference to the same matter, to be entirely unworthy of belief, so that if his testimony, as taken from the record in the supplementary proceeding, was to be considered in reference to the alleged valuable consideration, the court would have been justified in disregarding it as having any probative force. The testimony of the assignee of the claim, detailing as it does the alleged circumstances under which the assignment was made to him, tends to show fraudulent intent upon the part of the father, and this was the purpose of its introduction. While fraud is not to be presumed, but must be proved, it is rarely susceptible of direct proof, and may be inferred from facts and circumstances which warrant the conclusion (Greenwald v. Wales, 174 N. Y. 145, 66 N. E. 667); and the plaintiff having introduced his examination in supplementary proceedings for the purpose of showing facts and circumstances which warrant the conclusion that the assignors of this claim acted for the purpose of hindering, delaying, or defrauding their creditors, the assignee of such claim cannot make use of the declarations in such examination to support an affirmative proposition which he has neither pleaded nor attempted to assert upon the trial. Until the plaintiff has established a prima facie case of fraudulent intent on the part of the assignors, the assignee could remain passive; but, when the evidence reached a point where the inference could be properly drawn that there was such fraudulent intent on the part of the assignors of the claim, it became incumbent upon the assignee to establish, by evidence directed to that issue, that he had paid a valuable consideration for this assignment. This he failed to do. The case is absolutely without evidence to show that the assignee ever gave any valuable consideration for this claim, his declarations in his own behalf in another proceeding not being available here. He could not have introduced these examinations in his own behalf in support of this issue, nor can he take advantage of them because the plaintiff, in support of the issue of fraud, has placed them in evidence. Their only proper office in the case now under consideration is to show the facts and circumstances on which the plaintiff relies to establish fraud in the transfer. In this respect all of the examinations should be considered, and we are of opinion that they fully support the conclusion that the transfer was fraudulent. The affirmative proposition that the assignee gave a valuable consideration having no support in the evidence—that issue never having been met—there is no escape from the conclusion that the finding of the court that the transfer of this claim was without consideration was correct, and should be sustained.

But if there was doubt upon this proposition, and the testimony of the assignee of the claim was deemed to be in evidence for the purpose of showing a valuable consideration, we are still of the opinion that the judgment in this case should be affirmed. If the examination in supplementary proceedings was in evidence for the purpose of showing the alleged valuable consideration, consisting of a past indebtedness to this boy, who had made his home with his parents, and who had barely entered upon man's estate, with alleged

loans from another brother passing through the hands of this young man, it must be considered for all of the purposes of the action, and we are clearly of opinion that it shows a state of facts wholly inconsistent with the idea that the assignee took this claim for a valuable consideration and in good faith. "There can be no doubt that it is legitimate for the jury in such cases to consider whether the vendee had knowledge of facts pointing to a fraudulent intent or calculated to awaken suspicion, and that actual notice of a fraudulent intent on the part of the vendor need not be established by direct proof. The fact of notice or knowledge may be inferred from circumstances." Parker v. Conner, 93 N. Y. 118, 124, 45 Am. Rep. 178. "The presumption is that a man intends the natural consequences of his act. If the effect of the sale by the plaintiff's vendor was to deprive his creditors of the means of collecting their debts, it might be presumed, in the absence of other motive or inducement, that his intention was to accomplish that object; and, if the plaintiffs had knowledge that this was to be the result, it was for the jury to say whether such knowledge did not give them notice that Hapgood's intent was fraudulent." Greenwald v. Wales, 174 N. Y. 145, 66 N. E. 667. The details of the vendee's connection with this transfer, in connection with the fact that he was a member of his father's household, in which this claim was a matter of frequent discussion, shows conclusively to us that he must have had notice of facts which precluded his taking this assignment in good faith. He does not pretend to state how much his father owed him. The largest amount which can be gathered from the record is only about one-half of the amount at which the claim was paid, and the whole story of this boy, who claims to have been earning $800 to $900 per year for three years past, owing his father several thousands of dollars, is far from convincing. We think the evidence, conceding the examination in supplementary proceeding to be evidence of all that it embraces, is fully as strong in support of the conclusion that the assignee did not take this transfer in good faith as it is in support of a valuable consideration, so that, in any view of the case upon the merits, the judgment should be sustained.

We have the technical objections raised in reference to the admission of the transcript of the original judgment in evidence, and we are persuaded that they are without merit. While the transcript of a judgment would not be evidence of the contents of the judgment roll, so as to operate as an estoppel, we are satisfied that, under the provisions of section 933 of the Code of Civil Procedure, it is evidence of the fact that a judgment has been duly recovered, and of all of the matters which it recites under the provisions of law, for the purpose of showing the right of the plaintiff in this action to the relief which he seeks. Nonelectric Fibre Mfg. Co. v. Peabody, 28 App. Div. 442, 444, 51 N. Y. Supp. 111.

The judgment appealed from should be affirmed, with costs. All concur; BARTLETT and JENKS, JJ., in result.