WADLEIGH v. WADLEIGH et al.

(Supreme Court, Appellate Division, Second Department. March 9, 1906.)

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE DEED—BURDEN OF PROOF.

When, in an action to set aside a deed as fraudulent against creditors, the grantor's insolvency is shown, the grantee then has the burden of showing that the conveyance was upon a good consideration, and that he had no knowledge of the grantor's fraudulent intent.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 804, 810, 817.]

2. SAME—FRAUD.

The mere fact that at the time of a conveyance by a husband to his wife he was indebted is not sufficient to establish fraud as against his creditors.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 128-131.]

3. SAME—RECITALS IN DEED.

The recital in a deed from a husband to his wife of a consideration consisting of $1 and "other valuable considerations" cannot be relied on to show a want of consideration.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, § 897.]

**4. SAME—EVIDENCE—SUFFICIENCY.**

    The mere return of an execution partly unsatisfied a year after a conveyance by the judgment debtor does not tend to establish insolvency at the time of the conveyance, in the absence of any other facts.

    [Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 722, 891.]

**5. SAME.**

    In an action to set aside a deed as fraudulent against the creditors of the grantor, the proof of the fraudulent intent of the grantor which will cast the burden on the grantee must be supplied by evidence which is competent against the grantee.

**6. EVIDENCE—ADMISSIONS—GRANTORS.**

    Declarations of an alleged fraudulent grantor, made long after the conveyance, are not competent against the grantee to prove either a fraudulent intent, insolvency, or want of consideration.

    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 848.]

**7. FRAUDULENT CONVEYANCES—INDEBTEDNESS OF GRANTOR.**

    The fact that a grantor is insolvent and is indebted does not render his conveyance fraudulent as against creditors, so long as he retains sufficient to satisfy his creditors.

    [Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 144, 145.]

Appeal from Special Term, Westchester County.

Action by Kate M. Wadleigh against Thomas P. Wadleigh and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Henry B. Ketcham, for appellants.

A. Parker Nevin (Henry Rutgers Conger, on the brief), for respondent.

MILLER, J. Plaintiff has a judgment adjudging that a certain deed of real property from the defendant Thomas P. Wadleigh to the defendant Eloise Wadleigh was made with intent to hinder, delay, and defraud the creditors of said defendant Thomas P. Wadleigh, which the appellant Eloise Wadleigh insists is not sustained by any evidence competent as against her. The deed was made June 29, 1903, and contains a recital of a consideration "of the sum of one dollar, and other valuable considerations." The plaintiff's judgment, which is the foundation of this action, was rendered May 17, 1904, in an action commenced November 24, 1903, upon which an execution was issued and on May 24, 1904, returned unsatisfied, except in the sum of $15. The judgment was for alimony awarded the plaintiff, formerly the wife of the defendant Thomas P. Wadleigh, by a Massachusetts decree of divorce granted May 16, 1894, which had been complied with by said defendant Thomas P. Wadleigh until August, 1897. It hardly seems necessary to argue that fraud cannot be predicated upon the foregoing facts, and there are no others proven by evidence admitted against said appellant Eloise Wadleigh. The mere fact of a conveyance by a husband, who is indebted, to his wife, is not, and never was, sufficient to establish fraud. Two essential elements are lack-

ing—the insolvency of the grantor and the voluntary character of the conveyance. If the fact of insolvency had been established, it would then have been incumbent upon the appellant to prove that the conveyance was founded upon a good consideration, and that she had no knowledge of her grantor's intent to defraud. Starin v. Kelly, 88 N. Y. 419; Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Bailey v. Fransioli, 101 App. Div. 140, 91 N. Y. Supp. 852. A fortiori, if both insolvency and want of consideration for the transfer had been proven, the plaintiff's case would have been conclusively established, but there is no evidence tending to establish either of said facts. The recital in the deed cannot be relied upon to show want of consideration, because the use of the words "other valuable considerations" cannot be construed as an admission that the consideration was purely nominal, and the entire recital, and not a part only, must be considered. The return of an execution partly unsatisfied, a year after the conveyance, does not tend to establish insolvency at the time of the conveyance, in the absence of any other facts. Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105.

The deposition of the defendant Thomas P. Wadleigh, taken in proceedings supplementary to execution, was offered in evidence, but upon the objection of the defendant Eloise Wadleigh was received by the court as against said defendant Thomas P. Wadleigh only, and it is urged that this evidence tends to establish that the conveyance was voluntary and that said Thomas P. Wadleigh was insolvent at the time and actually made it with intent to hinder, delay, and defraud the plaintiff, and it is argued that, the fraudulent intent of the grantor being proven, the burden was then cast upon the appellant Eloise Wadleigh to show the good faith of the transaction, within the authority of Starin v. Kelly, supra; but that case has no application to the facts of the case at bar. The proof of the fraudulent intent of the grantor which will cast the burden on the grantee must be supplied by evidence competent as against said grantee. The rule requiring a defendant to overcome presumptions arising from certain facts does not relieve the plaintiff from proving the facts warranting the presumption by competent evidence, nor impose upon the defendant the burden of disproving allegations having no support whatever in the plaintiff's case. Every fact which the plaintiff must establish must be proven by evidence competent as against the defendant sought to be charged, and the declarations of an alleged fraudulent grantor, made long after the conveyance, are not competent as against his grantee to prove either intent, insolvency, or want of consideration. Authority hardly seems necessary for this proposition, but it is abundant. Cuyler v. McCartney, 40 N. Y. 221; Tilson v. Terwilliger, 56 N. Y. 273; Burnham v. Brennan, 74 N. Y. 597; Coyne v. Weaver, 84 N. Y. 386; Kain v. Larkin, supra; Lent v. Shear, 160 N. Y. 462, 55 N. E. 2. The learned trial court was right in receiving this deposition only as against the defendant making it, and the case of said appellant Eloise Wadleigh must be considered as though it were entirely stricken from the record.

There is no proof tending to show that said appellant had knowledge of any fact which should have incited a suspicion in her mind of a

fraudulent intent on the part of her grantor. It does not even appear that she knew of the former marriage, let alone the decree of divorce and judgment for alimony; and, in the absence of direct evidence tending to prove facts within her knowledge indicating fraudulent intent on the part of her grantor, the plaintiff cannot cast the burden of explanation upon her without some evidence tending to show his insolvency. Even if we were to assume, as we cannot, that the conveyance was voluntary, the mere fact that the plaintiff was a creditor at the time is not sufficient to avoid it. Kain v. Larkin, supra. There is a marked distinction between indebtedness and insolvency. There is no rule which prevents a person from making such disposition of his property as he chooses, so long as he retains sufficient to satisfy his creditors; and whatever may have been the rule declared by the earlier decisions it seems clear that the rule as now settled in this state casts the onus on the person assailing the deed of proving the insolvency of the grantor. Such is the rule declared in Kain v. Larkin, supra, by Earl, C. J., speaking for the entire court after a careful discussion of the subject and review of authorities. A slightly later case (Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082) seems to conflict with Kain v. Larkin, and announces the rule "that a voluntary conveyance by one indebted at the time is presumptively fraudulent." The case of Kain v. Larkin is not referred to in the prevailing opinion in Smith v. Reid, and in the latter case the rule announced was assumed to have been settled by cases which turned upon the question whether the grantor did in fact have sufficient property remaining to pay his debts. While the apparent conflict between Smith v. Reid and Kain v. Larkin does not appear to have been settled by the Court of Appeals, Kain v. Larkin has been followed by numerous cases, both in this and the First department of this court. Lewis v. Boardman, 78 App. Div. 394, 79 N. Y. Supp. 1014; Guy v. Craighead, 40 App. Div. 260, 57 N. Y. Supp. 1070. Accepting Kain v. Larkin as authority, it seems clear that on no possible theory can the plaintiff be held to have made a case putting the appellant Eloise Wadleigh to her proof.

As to the appellant Eloise Wadleigh the judgment must, therefore, be reversed, and a new trial granted, costs to abide the final award of costs. All concur.