(112 App. Div. 916)

### BUONGIERNO v. SCHILLER et al.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

FRAUDULENT CONVEYANCES—PARTICIPATION BY GRANTEE—EVIDENCE.

Where, in a suit to set aside an alleged fraudulent conveyance, there was no finding that the deed was accepted by the grantee with a fraudulent intent, or that such grantee knew or shared in the fraudulent intent of the grantor, a judgment for plaintiff could not be sustained.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 504–506.]

Appeal from Special Term, Queens County.

Action by Emma Buongierno, as administratrix of the estate of Ruggiero Buongierno, deceased, against Theresa Schiller, impleaded with George Schiller. From a judgment for plaintiff, defendant Theresa Schiller appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and RICH, JJ.

A. T. Payne, for appellant.

J. Bohmbach, for respondent.

HIRSCHBERG, P. J. The judgment declares that a certain deed of real estate executed by the defendant George Schiller to the appellant, Theresa Schiller, is null and void, and should be canceled of record. This judgment is founded upon a decision that the deed was made by the grantor for the purpose of hindering and delaying and defrauding a creditor, namely, the plaintiff's decedent. The grantee alone appeals. There is no finding that the deed was accepted by the grantee with a fraudulent intent, or that the grantee knew or shared in the fraudulent intent of the grantor. While there is some slight evidence in the record on which such a finding might possibly be based, we think it best, under the circumstances, that a new trial should be granted. See Wadleigh v. Wadleigh (App. Div.; March 9, 1906) 97 N. Y. Supp. 1063.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.