WADLEIGH v. WADLEIGH et al.

(Supreme Court, Special Term, Westchester County.   October, 1907.)

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE DEED—BURDEN OF PROOF.
   Where, in an action to set aside a deed as in fraud of creditors, the evidence showed that the grantor, who was largely indebted to plaintiff, was insolvent except for the property deeded, having nothing left except some trivial balances remaining in bank accounts, the burden of proof was upon the grantee to show a good consideration, and that she had no knowledge of her grantor's intent to defraud.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 809–814, 817, 818.]

2. SAME.
   In an action to set aside a deed executed by an insolvent grantor as in fraud of his creditors, evidence examined, and held not sufficient to meet the burden of proof on the grantee to show that the conveyance was founded upon a good consideration, and that she had no knowledge of her grantor's intent to defraud.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 896–908.]

Action by Kate M. Wadleigh against Thomas P. Wadleigh and another to set aside a deed. Judgment for plaintiff.

See 97 N. Y. Supp. 1063.

Philip Carpenter, for plaintiff.

Reid, Esselstyn & Ketcham, for defendants.

MILLS, J. This is an action brought by the plaintiff, a judgment creditor of the defendant Thomas P. Wadleigh, to set aside a deed made by him to the other defendant of certain real estate situated in the city of Mt. Vernon, on the ground that such deed was made to hinder, delay, and defraud the creditors of Thomas, especially the plaintiff.

The plaintiff is the former wife of the defendant Thomas. They were married on the 18th of December, 1883, separated in 1890, and on the 17th of November, 1894, a decree of divorce was entered in the plaintiff's favor against him in Massachusetts, upon a decision rendered by the superior court of that state. Such decree awarded to the plaintiff alimony at the rate of $30 a month, which was duly paid until August, 1897, none having been paid thereafter. The divorce was obtained upon the statutory ground recognized in this state; the defendant Eloise being the co-respondent. The interlocutory judgment of divorce was rendered in May, 1894, upon trial then had, being followed, in accordance with the Massachusetts statute, by the final decree the following November. A few months previous to the trial, and shortly before the commencement of the action, the two defendants had been found living together in a small apartment, consisting of three or four rooms, in a suburb of Boston, under circumstances indicating guilty relations between them, which circumstances were evidently considered by the Massachusetts court as sufficient evidence of the plaintiff's charge against the defendant made in the action. The defendants intermarried in the state of New Jersey on the 3d of February, 1895. On the 24th of April, 1903, the defendant Thomas received to himself a deed of the premises in question from the former owner thereof; such deed being dated on that day. It was recorded in the office of the register of Westchester county on the following day, April 25, 1903. On the 10th of May, 1904, there was recorded in the same office a deed of said premises by him to the defendant Eloise, dated June 29, 1903, and acknowledged on the 5th of July, 1903. On the 6th of October, 1903, an action was begun by the plaintiff against the defendant Thomas in the Supreme Court New York county to recover the arrears of alimony which had accrued between August, 1897, and August, 1903. Such action came on for trial on May 13, 1904, and resulted in a judgment in favor of the plaintiff for $2,387.48, which was entered in said county May 17, 1904, and a transcript thereof filed and docketed in the office of the clerk of Westchester county May 20, 1904. Execution thereon was issued to the sheriff of Westchester county, who on the 24th of May, 1904, returned the same wholly unsatisfied. The defendants were then residing in the city of Mt. Vernon. The defendant Thomas was examined in supplementary proceedings on the 27th of May, 1904, and in the following July this action was commenced. It was brought to

trial at the Westchester Special Term in January, 1905. The trial resulted in a decision and judgment in favor of the plaintiff. From such judgment an appeal was taken to the Appellate Division in this department, which, after hearing the same, reversed the judgment and granted a new trial; such decision being reported at 111 App. Div. 367, 97 N. Y. Supp. 1063. The opinion of that court, written by Mr. Justice Miller, based its decision upon the ground that, as against the defendant Eloise, the record was wanting in proof of either of the two essential elements, viz.: (1) Insolvency of the grantor in the deed by one defendant to the other; and (2) the voluntary character of that conveyance. The opinion stated, in substance, that while the deposition of the defendant Thomas, taken in supplementary proceedings, was competent upon the trial as evidence against him, it was not competent as evidence against the other defendant, the grantee in the deed, and that, aside from such deposition, there was no evidence tending to establish either of the above-named essential elements of such an action. The opinion holds that, if the fact of insolvency were established, it would then be incumbent upon the defendant, the grantee, to prove that the conveyance was founded upon a good consideration, and that she had no knowledge of her grantor's intent to defraud. The new or second trial has now been had.

Upon this trial the plaintiff called and examined in her own behalf the defendant Thomas, and by his testimony placed upon the record, as evidence against both defendants, substantially the facts to which he had testified upon his examination in supplementary proceedings. It is clear from the testimony that at the time when the deed by the one defendant to the other was made according to its date and purported acknowledgment, assuming both to be genuine, the defendant Thomas was largely indebted to the plaintiff for arrears of alimony in nearly the amount for which the judgment was obtained by her against him the following May. It is also clear from the testimony that, except for the property so deeded, he was insolvent and unable to pay such indebtedness. Except for some trivial balances remaining in bank accounts which had become substantially depleted, he appears to have retained no other property. Therefore I conclude that the evidence upon this trial establishes clearly the first essential element, namely, the insolvency of the grantor, and as against him his fraudulent intent in making the conveyance, unless the act be otherwise explained. Therefore, according to the law of the case as settled and declared by the Appellate Division upon the appeal, the burden was by such evidence cast upon the defendant Eloise, the grantee, to establish that the conveyance was founded upon a good consideration, and that she had no knowledge of her grantor's intent to defraud. It now appears by the evidence that she did know at that time, and, indeed, at the time of her marriage, of the fact of the divorce obtained by the plaintiff from the other defendant.

The circumstances proven as to the discovery of the two defendants in the apartment, as above recited, shortly before the commencement of the divorce action, indicate strongly that she must have known her own relation to that action, and the cause for which the divorce was grant-

ed.   She and he both testify that she had no knowledge, until after the conveyance was made, of the fact that alimony had been awarded. She attempts to account for the deed and to satisfy the burden resting upon her, as above stated, by claiming that a few months before her marriage to the other defendant, she being then at her father's home at a distant place, he, the other defendant, wrote to her proposing marriage, and promising or offering that, if she would return and marry him, he would give to her his interest in the estate of a deceased uncle; that she wrote back to him, accepting such proposition, and, upon the faith of the promise, did return and enter into the marriage; and that the property in question was purchased by the defendant Thomas with a part of the proceeds of such estate, except the sum of $900, which was furnished by her own moneys derived from another source, namely, from her father, and that it was solely by accident or mistake that the conveyance was originally taken by the defendant Thomas in his own name, instead of being taken, as was intended, directly in her name. Both defendants testify to these facts.   They claim that all the letters comprising the alleged correspondence have been lost.   There is no evidence of any sort, outside of their testimony, tending to corroborate their statements in this respect.

Upon a careful review of the evidence and consideration of the circumstances disclosed thereby as to the conduct of the parties defendant, I am not at all satisfied that any such agreement was ever made between them, or that the deed in question was anything but an entirely voluntary conveyance made by the one defendant to the other with the sole purpose of defeating the apprehended judgment by the plaintiff against the defendant Thomas for arrears of alimony.   While, no doubt, such an agreement would constitute a good consideration for the conveyance, I think that its existence should be clearly established before being found by the court.   I cannot discover in the evidence, outside of the testimony of the defendants, the least corroboration, direct or circumstantial, of their assertions that such agreement was made or ever existed.   If made at the time claimed, or if its existence had been recognized by the defendants at or prior to the time when the defendant Thomas ceased to pay the alimony, it would have been entirely natural that it should then have been reduced to writing in the form of some contract or assignment, which could afford evidence of its existence in case the plaintiff attempted to assert her right to alimony, as it was natural to suppose she would.   It looks very much as though the claimed agreement is a pretense to sustain the deed, thought out afterwards when its validity was questioned or imperiled by the plaintiff's judgment.

My conclusion, therefore, is that the defendant, the grantee, has not met the burden of proof cast upon her by the evidence, which clearly establishes the insolvency of the defendant Thomas, the grantor, at the time of making the conveyance.   The plaintiff is therefore entitled to judgment in accordance with the prayer of the complaint, and for costs.   The defendants may submit proposed findings within 10 days, if they desire to do so.