LEHRENKRAUSS et al. v. BONNELL et al.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

1. FRAUDULENT CONVEYANCES (§ 87*)—PURCHASER FOR VALUABLE CONSIDERA-
TION.
. Where an insolvent debtor transfers his property to one of his creditors as security for an antecedent debt, and the creditor taking the property does not advance anything at the time, and does not relinquish the security then held, or suspend any remedy on it, the creditor is not a purchaser for a valuable consideration.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 221-229; Dec. Dig. § 87.*]

2. FRAUDULENT CONVEYANCES (§ 300*)—WANT OF CONSIDERATION—EVIDENCE.
Where an insolvent executed as collateral for certain notes a mortgage reciting that the sum secured was payable on demand, but the debtor testified that there was no agreement to extend the time of the payment of the existing indebtedness, and there was no mention made of the notes in the mortgage, and none of the past-due notes were surrendered, and an officer of the creditor testified that there was an agreement to extend the time of payment, a finding of no consideration for the mortgage was justified.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 896-903; Dec. Dig. § 300.*]

3. FRAUDULENT CONVEYANCES (§ 298*)—INTENT—EVIDENCE.
A voluntary transfer by an insolvent debtor of his property is more than mere evidence of fraud, and is a fact from which a fraudulent intent may be inferred.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 892-895; Dec. Dig. § 298.*]

4. BANKRUPTCY (§ 180*)—FRAUDULENT TRANSFER—INTENT OF GRANTOR.
Where a mortgage given without consideration by an insolvent debtor as collateral to secure an existing indebtedness was executed with intent on his part to defraud his other creditors, the mortgage was fraudulent as against his trustee in bankruptcy, whether the creditor receiving the mortgage acted with a like intent or not.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 252, 253; Dec. Dig. § 180.*]

5. BANKRUPTCY (§ 181*)—FRAUDULENT INTENT OF GRANTOR—SUFFICIENCY.
That a debtor executed without consideration, while insolvent, a mortgage to secure a past indebtedness, shows fraud, and his trustee in bankruptcy may attack it, under Bankr. Act July 1, 1898, c. 541, § 67e, 30 Stat.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

564 (U. S. Comp. St. 1901, p. 3449), making incumbrances void, and Real Property Law, § 229 (Consol. Laws, c. 50, § 265), providing that a conveyance shall not be adjudged fraudulent as against creditors solely on the ground that it is not founded on a valuable consideration.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259–274; Dec. Dig. § 181.*]

Appeal from Special Term, Kings County.

Action by Julius Lehrenkrauss and another against Arthur H. Bonnell and others. From an order confirming the report of a referee in surplus money proceedings, in which Samuel Evans Maires, as trustee in bankruptcy of Arthur H. Bonnell, was a party, the Borough Bank of Brooklyn appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Chauncey E. Treadwell, for appellant.

Frank M. Hickok, for respondent.

RICH, J. The record discloses the following facts: In October, 1907, the defendant Bonnell was indebted to the Borough Bank of Brooklyn, upon discounted paper, in an amount exceeding $4,000. In that month the bank suspended payment and went into the hands of temporary receivers, who continued in charge for a time, when they were discharged and the bank resumed business. During November and December, 1907, and January, 1908, the receivers and vice president of the bank endeavored to get Bonnell to pay, reduce, or secure his indebtedness. On February 3, 1908, the whole of said indebtedness being then past due, Bonnell and his wife executed and delivered to the bank their bond and a second mortgage securing the payment of $4,184.30 (which was the amount of his indebtedness upon said notes), payable on demand. Bonnell was concededly insolvent at that time, although the bank was not conversant with that fact. It is conceded that the mortgage was intended as collateral security for Bonnell's existing indebtedness, consisting of notes the bank had discounted for him. Neither the bond nor mortgage mentioned the notes, and each recited that the principal sum secured was payable, with interest, on demand. There was no cash consideration paid by the bank to Bonnell, none of the past-due notes were surrendered or canceled, and no new notes were given to supersede the past-due obligations. The time for payment of such past-due obligations was not extended. On April 9th following a petition in bankruptcy was filed against Bonnell, upon which he was subsequently adjudicated a bankrupt, and the respondent appointed the trustee of his estate for the benefit of creditors. Subsequent to the giving of the mortgage, the bank recovered judgment upon several of said notes, against makers and indorsers, other than Bonnell, who was not made a party to the actions in which they were recovered. The bank in no manner sought to enforce the obligations or the mortgage against Bonnell. Later a first mortgage was foreclosed, and a surplus of $1,077.28 paid into court, which is claimed by the bank under its mortgage, and by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trustee upon the ground that the mortgage is fraudulent and void as to the creditors he represents.

The proceeding was sent to a referee, who reported that the bank was entitled to the surplus. The court at Special Term refused to confirm this report, upon the authority of Wadleigh v. Wadleigh, 111 App. Div. 367, 97 N. Y. Supp. 1063, and the proceeding was sent back to the referee to take proof as to whether there was any consideration for the mortgage. Further evidence was taken, and a second time the referee sustained the claim of the bank to the surplus. The learned justice at Special Term again denied the motion for confirmation, upon the ground that the testimony did not remove the objection that the mortgage was without consideration and void as against the trustee in bankruptcy. The matter was again referred back to the referee, "to ascertain and report to this court in accordance with the orders and decisions of this court heretofore duly made and filed herein." The referee thereupon made and filed his report, finding the mortgage without consideration and void as against the respondent, and that the latter was entitled to the surplus money. This report was confirmed. From the order of confirmation the bank appeals, and also brings up for review the orders refusing confirmation and sending the matter back to the referee.

It has long been the rule of law in this state that where an insolvent debtor transfers his property to one of his creditors as security for an antecedent debt, and the creditor taking the property advances nothing at the time, does not relinquish the security then held, or suspend any remedy upon it, such grantee is not a purchaser for a valuable consideration. Cary v. White, 52 N. Y. 138; Ten Eyck v. Witbeck, 135 N. Y. 40, 31 N. E. 994, 31 Am. St. Rep. 809. Every element required to establish consideration is lacking in the case at bar, with the exception of an alleged agreement to extend the time of payment of Bonnell's existing indebtedness at the time of the giving of the mortgage, followed by actual forbearance. Upon this issue the oral evidence is conflicting, and confined to Bonnell upon the one side and the vice president of the bank upon the other. Bonnell testified that there was no agreement to extend, either verbal or otherwise. The vice president admits that the mortgage consummated the prior oral agreement. By the terms of the mortgage, the amount secured thereby is payable upon demand, and from the very moment of its delivery the money it secured was presently due. The voluntary transfer by an insolvent debtor of his property is more than mere evidence of fraud. It is a fact from which a fraudulent intent may be inferred. Erickson v. Quinn, 47 N. Y. 410; Cole v. Tyler, 65 N. Y. 73; Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082. I think that the referee's finding of no consideration is sustained by the evidence. Strong v. Sheffield, 144 N. Y. 392, 395, 39 N. E. 330.

While the bank is shown free from a fraudulent intent in the transaction, such intent being established on the part of the insolvent mortgagor, it was not necessary to prove that the bank acted with like intent. Starin v. Kelly, 88 N. Y. 419, 421; Bailey v. Fransioli, 101 App. Div. 140, 91 N. Y. Supp. 852; Billings v. Russell, 101 N. Y.

226, 4 N. E. 531; Wadleigh v. Wadleigh, 111 App. Div. 367, 368, 97 N. Y. Supp. 1063. The cases relied upon by the appellant upon this question are cases in which the controversy arose between the immediate parties to the transaction. In the case at bar it is a third party—a trustee representing creditors of the bankrupt mortgagor—who interposes the want of consideration, as creating a legal fraud affecting his rights and the rights of those he represents, and I do not think that as to him the cases cited are applicable. ·

It is strenuously contended that, even if the mortgage is without consideration, the trustee cannot attack it, unless fraud is shown, because of the provisions of section 67e of the bankrupt act (Act Cong. July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]) and sections 227–229 of the real property law (Consol. Laws, c. 50, §§ 263–265). Conceding this proposition, its force is destroyed by the fact that in the case at bar insolvency of the mortgagor unites with want of consideration. When both insolvency and want of consideration are shown, fraud is established. Wadleigh v. Wadleigh, supra. The provisions of section 229 of the real property law that a conveyance shall not be adjudged fraudulent as against creditors solely upon the ground that it is not founded on a valuable consideration present no ground for reversal, as actual insolvency of the mortgagor is conceded, and want of consideration is established.

The order must be affirmed, with $10 costs and disbursements. All concur.