Rose Sandler, Appellant, *v.* Luigi Parlapiano, Also Known as Louis Parlapiano, and Others, Respondents.

First Department, July 1, 1932.

*William H. Schreiber* of counsel [*William Goldfinger*, attorney], for the appellant.

*William Bauman*, for the respondent Luigi Parlapiano.

*William Levin* of counsel [*John C. Spallone* with him on the brief; *McLaughlin, Levin & Spallone*, attorneys], for the respondents Pasqualina Parlapiano and others.

McAvoy, J. A judgment creditor's action was brought to set aside a conveyance of certain Bronx county real property by the defendant Luigi Parlapiano to his wife and his four children, two of whom are infants, wherein the consideration was recited as $100 and other consideration. The dates in their order, which seem to reveal an intent to make a conveyance for the purpose of defrauding creditors, follow:

October 3, 1922, property with an equity of $9,000 was purchased by Luigi Parlapiano.

November 1, 1928, the debt was incurred by Luigi Parlapiano by a bond made to plaintiff's assignor.

On the 15th of February, 1930, the deed conveying the property was made.

On April 26, 1930, Luigi Parlapiano received notice that $6,200 was declared due.

On May 7, 1930, the deed to the wife and children was recorded.

On January 17, 1931, judgment was secured against Luigi Parlapiano for $6,513.70. No property was found on execution issued.

Plaintiff claims that a *prima facie* case was made out on the following facts: Transfer was made to the wife and children of the debtor at a time when he knew that he owed more than $6,000. Though the deed recited $100 as monetary consideration, it appeared in an examination in supplementary proceedings that he had received nothing when he transferred the property. It was asserted that the sole consideration for the transfer of the property was that the wife and children would support him for the rest of his life. He has no other property, so that the transfer rendered him insolvent. A transfer made to near relatives without real consideration may be considered as likely to be in fraud of creditors. The Debtor and Creditor Law provides in section 273 (added by Laws of 1925, chap. 254) that every conveyance made and every obligation incurred by a party who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation incurred without a fair consideration.

The property had not become valueless in 1930. The $100 was concededly not paid. The children were under a duty to support their father in case of his complete disability in any event. We think that at least a *prima facie* case was made out and the Special Term should not have dismissed the complaint at the close of the plaintiff's case.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'MALLEY and TOWNLEY, JJ., concur; MERRELL and MARTIN, JJ., dissent and vote for affirmance.

MERRELL, J. (dissenting). The action was brought by plaintiff, a judgment creditor of the defendant Luigi Parlapiano, also known as Louis Parlapiano, to set aside a conveyance of real property made by said judgment debtor to his wife and children on February 15, 1930. The deed conveying said real property was recorded in the office of the register of Bronx county on May 7, 1930. The consideration mentioned in the deed was the sum of " One Hundred ($100) dollars lawful money of the United States and other good and valuable considerations paid by the party of the second part." Plaintiff brought action against the defendant upon a bond. From a letter addressed to the defendant Luigi Parlapiano it would seem that this bond was given as the principal security for a third mortgage upon real property, and that the second or a prior mortgage

was in course of foreclosure, and that the obligee, plaintiff's assignor, sought to hold said defendant on said bond. Apparently the bond was given as security in connection with a purchase-money mortgage on real estate purchased by the defendant from plaintiff's assignor. Plaintiff obtained judgment upon the bond aforesaid in her favor and against said defendant and an execution was issued thereon on January 26, 1931, against the property of the defendant and which execution was thereafter returned by the sheriff of Bronx county wholly unsatisfied and the judgment remains wholly unpaid. The complaint alleges that the transfer of the real property in question was made by the defendant to his wife and children with intent to cheat and defraud his creditors.

The answers of the defendants deny the material allegations of the complaint as to the said fraudulent intent, etc. At the trial plaintiff offered in evidence the judgment roll in the case of plaintiff against defendant Luigi Parlapiano showing the entry of judgment in Bronx county on January 17, 1931. The evidence shows that the original deed conveying the premises in question to the defendant bore date October 3, 1922. The deed sought to be set aside in this action was from Luigi Parlapiano and Pasqualina Parlapiano, his wife, as grantors, to the said Pasqualina Parlapiano, Harry Parlapiano, Victor Parlapiano, Silvio Parlapiano and Clara Parlapiano, as grantees. It was dated February 15, 1930, and was recorded in the office of the register of Bronx county on May 7, 1930. The consideration was $100 " and other good and valuable considerations." No evidence was offered at the trial touching the alleged fraudulent transfer of the premises in question, except the examination of the defendant Luigi Parlapiano in proceedings supplementary to execution on the judgment obtained by the plaintiff. When this examination was offered in evidence by counsel for plaintiff it was received as against the defendant Luigi Parlapiano but was excluded as against the remaining defendants. No exception was taken by plaintiff's trial counsel to such exclusion and the correctness of the court's ruling in that respect is not now questioned. In the proceedings supplementary to execution the defendant Victor Parlapiano was also examined. From these examinations and the testimony given thereat, I do not think the plaintiff's case is materially strengthened, and that thereby no competent proof was shown of any fraudulent intent on the part of either the grantor or the grantees, or that the grantor was insolvent at the time when the conveyance was made, or of any want of consideration at the time of such conveyance as against the defendants, grantees mentioned in the said conveyance. I think the court properly dismissed the complaint for failure of proof and

that the plaintiff did not make out a cause of action as a matter of law against the defendant herein. No proof was offered to show any fraudulent intent on the part of said defendants or want of consideration, or that the grantor was insolvent at the time the conveyance was made. The case of *Wadleigh* v. *Wadleigh* (111 App. Div. 367) appears to be a direct authority in favor of the defendants on this appeal. The facts in that case are almost identical with those in the case at bar. In that case Justice NATHAN L. MILLER, writing for a unanimous court in the Appellate Division, Second Department (at p. 369), wrote: " Every fact which the plaintiff must establish must be proven by evidence competent as against the defendant sought to be charged, and the declarations of an alleged fraudulent grantor, made long after the conveyance, are not competent as against his grantee to prove either intent, insolvency or want of consideration. Authority hardly seems necessary for this proposition, but it is abundant. (*Cuyler* v. *McCartney*, 40 N. Y. 221; *Tilson* v. *Terwilliger*, 56 id. 273; *Burnham* v. *Brennan*, 74 id. 597; *Coyne* v. *Weaver*, 84 id. 386; *Kain* v. *Larkin* [131 id. 300]; *Lent* v. *Shear*, 160 id. 462.) The learned trial court was right in receiving this deposition only as against the defendant making it, and the case of said appellant Eloise Wadleigh must be considered as though it were entirely stricken from the record. There is no proof tending to show that said appellant had knowledge of any fact which should have incited a suspicion in her mind of a fraudulent intent on the part of her grantor."

In the *Wadleigh* case the conveyance complained of was made from a husband to his wife. Eloise Wadleigh, the wife, took the position that there was no evidence to sustain the judgment rendered against her by the trial court, and that there was no evidence to show that the conveyance to her was made to delay, hinder and defraud her husband's creditors. The deed was made on June 29, 1903. The recital was that the consideration was " the sum of one dollar, and other valuable considerations." Judgment was rendered within a year thereafter or on May 17, 1904, in an action brought on November 24, 1903, upon which an execution was issued and returned partly unsatisfied. In that case the judgment was for alimony awarded the plaintiff, who was formerly the wife of defendant Thomas P. Wadleigh. Justice MILLER for the Appellate Division in that case (at pp. 368 and 369) further wrote as follows: " It hardly seems necessary to argue that fraud cannot be predicated upon the foregoing facts, and there are no others proven by evidence admitted against said appellant Eloise Wadleigh. The mere fact of a conveyance by a husband, who is indebted, to his wife is not and

never was sufficient to establish fraud. Two essential elements are lacking, the insolvency of the grantor and the voluntary character of the conveyance. If the fact of insolvency had been established it would then have been incumbent upon the appellant to prove that the conveyance was founded upon a good consideration, and that she had no knowledge of her grantor's intent to defraud (*Starin* v. *Kelly*, 88 N. Y. 418; *Billings* v. *Russell*, 101 id. 226; *Bailey* v. *Fransioli*, 101 App. Div. 140); *a fortiori* if both insolvency and want of consideration for the transfer had been proven, the plaintiff's case would have been conclusively established, but there is no evidence tending to establish either of said facts. *The recital in the deed cannot be relied upon to show want of consideration, because the use of the words ' other valuable considerations' cannot be construed as an admission that the consideration was purely nominal, and the entire recital, and not a part only, must be considered.* The return of an execution partly unsatisfied a year after the conveyance does not tend to establish insolvency at the time of the conveyance in the absence of any other facts. ( *Kain* v. *Larkin*, 131 N. Y. 300.) The deposition of the defendant Thomas P. Wadleigh, taken in proceedings supplementary to execution, was offered in evidence, but upon the objection of the defendant Eloise Wadleigh was received by the court as against said defendant Thomas P. Wadleigh only, and it is urged that this evidence tends to establish that the conveyance was voluntary and that said Thomas P. Wadleigh was insolvent at the time and actually made it with intent to hinder, delay and defraud the plaintiff, and it is argued that the fraudulent intent of the grantor being proven, the burden was then cast upon the appellant Eloise Wadleigh to show the good faith of the transaction, within the authority of *Starin* v. *Kelly* (*supra*); but that case has no application to the facts of the case at bar. *The proof of the fraudulent intent of the grantor, which will cast the burden on the grantee, must be supplied by evidence competent as against said grantee.* The rule requiring a defendant to overcome presumptions arising from certain facts does not relieve the plaintiff from proving the facts warranting the presumption by competent evidence, nor impose upon the defendant the burden of disproving allegations having no support whatever in the plaintiff's case." (Italics are the writer's.)

In the case at bar the deed in question was made by Luigi Parlapiano on February 15, 1930. There is no significance in the fact that it was not recorded until May 7, 1930.

The record in this case is barren of any proof that either of the defendants had any knowledge of fraudulent intent, or of insolvency of the grantor, or of any want of consideration. On his examina-

tion the defendant Luigi Parlapiano testified that he was a laborer by occupation and had formerly been engaged in the business of conducting a grocery with his wife and two sons, Harry and Victor, and that in February, 1930, he turned the business over to his wife and two sons. As to the conveyance of the property in question, he testified that he conveyed the same to his wife and children in February, 1930, and that he received nothing for the conveyance. He was asked if it was made by way of gift, and he answered: " I was retiring from business, and was very sick, and my wife and children were to take care of me." At the time of the trial he was sixty-two years of age. He testified that since February, 1930, he had been entirely supported by his wife and children, and had no source of income, and that he was suffering from asthma and heart trouble. As before stated, the deed recites a consideration of " One Hundred ($100) dollars * * * and other good and valuable considerations * * *." I think, under the authority of *Wadleigh* v. *Wadleigh* (*supra*), any statements made by Luigi Parlapiano would not be binding upon the grantees. I do not find that the law as enunciated in that case has since been questioned by any decision in the courts of this State. The examination of Luigi Parlapiano being the only proof offered by plaintiff, was properly excluded by the court as against the grantees, without exception on the part of the plaintiff.

At the time of the trial there was no proof to show the value of the property in question at the time of the conveyance. In appellant's brief it is stated that the grantor's equity in the property was $9,000. This was based upon the fact that in 1922 there were attached canceled internal revenue stamps showing that the value at that time of the equity of Luigi Parlapiano was $9,000. I do not think such proof was sufficient to show the value of the property at that time, and certainly was not any proof of the value of the property at the time of the trial or of the conveyance by Parlapiano to his wife and children. It is a matter of common knowledge that in the eight years intervening there was a great slump in real estate values, and the value in 1922 was no criterion of the value in 1930.

I think the court was quite correct in excluding any statements by Luigi Parlapiano as against the grantees herein. (*Burnham* v. *Brennan*, 74 N. Y. 597; *Coyne* v. *Weaver*, 84 id. 386.) In *Pritz* v. *Jones* (117 App. Div. 643) the Appellate Division said (at p. 647): " In order to set aside a transfer upon the ground that it was intended thereby to hinder and defraud creditors, it must appear that such intention existed upon the part, both of the transferor and transferee."

In the case at bar there was no evidence whatever of any intent on the part of the grantees to cheat or defraud the creditors of the grantor, nor was any knowledge on their part shown of such intent on the part of the grantor. I think the plaintiff was entirely wrong in assuming that a cause of action was made out in this case as against the grantees named in the deed. In *Meyer* v. *Mayo* (196 App. Div. 78) the Appellate Division said (at p. 82) as follows: " *The conveyance which has been adjudged fraudulent recites a consideration of $100 and . other valuable considerations. It cannot, therefore, be considered a voluntary conveyance so that the doctrine of Kerker* v. *Levy* (206 N. Y. 109) *and Ga Nun* v. *Palmer* (216 id. 603) *may be applied.* \* \* \*." (Italics are the writer's.)

I think technically the court was entirely correct in holding that the plaintiff had failed to establish a cause of action against the defendants, and that the judgment should be affirmed, with costs to defendants, respondents, against plaintiff, appellant.

It is doubtful in my mind whether any loss was, in fact, sustained by the plaintiff or her assignor by reason of the failure of defendant to pay the bond in suit. It does not appear what was received upon the sale of the property upon the foreclosure of the prior and second mortgage on the property, and there is no evidence but that there was sufficient surplus received upon said foreclosure to discharge plaintiff's judgment against the defendant Luigi Parlapiano.

The judgment should be affirmed, with costs.

MARTIN, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.