JULIUS LEHRENKRAUSS, JR., and HERMANN C. LEHRENKRAUSS, Plain
    tiffs, v. ARTHUR H. BONNELL and Others, Defendants, Impleaded
    with BOROUGH BANK OF BROOKLYN, Appellant, and SAMUEL
    EVANS MAIRES, as Trustee in Bankruptcy of ARTHUR H. BONNELL,
    Respondent.

                    Second Department, May 6, 1910.

Debtor and creditor — fraudulent conveyance — mortgage to secure ante-
    cedent debt — lack of consideration — bankruptcy — rights of trustee
    superior to lien of mortgage — intent of mortgagee — concurrence of
    fraud and lack of consideration.

Where an insolvent debtor transfers property to a creditor as security for an ante-
    cedent debt and the creditor makes no new advances, does not relinquish other
    security held or suspend any remedy upon it, he is not a purchaser for a
    valuable consideration.
Thus, where an insolvent, indebted to a bank on overdue negotiable paper, gave
    the bank a mortgage payable on demand, not mentioning the notes, and the
    bank neither paid a further consideration nor canceled the notes nor accepted new
    notes to supersede the overdue obligations, and the time of payment thereon
    was not extended, the claims of the mortgagor's trustee in bankruptcy are
    superior to those of the mortgagee.
A voluntary transfer by an insolvent debtor of his property is more than mere
    evidence of fraud. It is a fact from which a fraudulent intent may be
    inferred.
Such mortgage is void as against the trustee, when the fraudulent intent of the
    mortgagor is established; it is not necessary to prove a like intent on the part
    of the mortgagee.
Where both insolvency and want of consideration are shown, fraud is established
    and the trustee of the mortgagor may attack the conveyance notwithstanding
    that section 229 of the Real Property Law provides that a conveyance shall not
    be adjudged fraudulent as against creditors solely because it is not founded
    upon a valuable consideration.

APPEAL by the defendant, the Borough Bank of Brooklyn, from
an order of the Supreme Court, made at the Kings County Special·
Term and entered in the office of the clerk of the county of Kings
on the 21st day of January, 1910, confirming the report of a referee
in surplus money proceedings, with notice of an intention to bring
up for review an order entered on the 18th day of August, 1909,
and also an order entered on the 13th day of December, 1909.

*Chauncey E. Treadwell* [*Edward M. Grout* and *Paul Grout* with him on the brief], for the appellant.

*Frank M. Hickok*, for the respondent.

RICH, J.:

The record discloses the following facts: In October, 1907, the defendant Bonnell was indebted to the Borough Bank of Brooklyn upon discounted paper in an amount exceeding $4,000. In that month the bank suspended payment and went into the hands of temporary receivers, who continued in charge for a time, when they were discharged and the bank resumed business. During November and December, 1907, and January, 1908, the receivers and vice-president of the bank endeavored to get Bonnell to pay, reduce or secure his indebtedness. On February 3, 1908, the whole of said indebtedness being then past due, Bonnell and his wife executed and delivered to the bank their bond and a second mortgage securing the payment of $4,184.30 (which was the amount of his indebtedness upon said notes), payable on demand. Bonnell was concededly insolvent at that time, although the bank was not conversant with that fact. It is conceded that the mortgage was intended as collateral security for Bonnell's existing indebtedness, consisting of notes the bank had discounted for him. Neither the bond nor mortgage mentioned the notes, and each recited that the principal sum secured was payable, with interest, on demand. There was no cash consideration paid by the bank to Bonnell; none of the past-due notes were surrendered or canceled, and no new notes were given to supersede the past-due obligations. The time for payment of such past-due obligations was not extended. On April ninth following a petition in bankruptcy was filed against Bonnell, upon which he was subsequently adjudicated a bankrupt and the respondent appointed the trustee of his estate for the benefit of creditors. Subsequent to the giving of the mortgage the bank recovered judgment upon several of said notes against makers and indorsers, other than Bonnell, who was not made a party to the actions in which they were recovered. The bank in no manner sought to enforce the obligations or the mortgage against Bonnell. Later, a first mortgage was foreclosed and a surplus of $1,077.28 paid into court, which is claimed by the bank under its mortgage, and by the

trustee upon the ground that the mortgage is fraudulent and void as to the creditors he represents. The proceeding was sent to a referee, who reported that the bank was entitled to the surplus. The court at Special Term refused to confirm this report upon the authority of *Wadleigh* v. *Wadleigh* (111 App. Div. 367) and the proceeding was sent back to the referee to take proof as to whether there was any consideration for the mortgage. Further evidence was taken, and a second time the referee sustained the claim of the bank to the surplus. The learned justice at Special Term again denied the motion for confirmation upon the ground that the testimony did not remove the objection that the mortgage was without consideration and void as against the trustee in bankruptcy. The matter was again referred back to the referee " to ascertain and report to this Court in accordance with the orders and decisions of this Court heretofore duly made and filed herein." The referee thereupon made and filed his report, finding the mortgage without consideration and void as against the respondent, and that the latter was entitled to the surplus money. This report was confirmed. From the order of confirmation the bank appeals, and also brings up for review the orders refusing confirmation and sending the matter back to the referee. It has long been the rule of law in this State that where an insolvent debtor transfers his property to one of his creditors as security for an antecedent debt and the creditor taking the property advances nothing at the time, does not relinquish the security then held or suspend any remedy upon it, such grantee is not a purchaser for a valuable consideration. (*Cary* v. *White*, 52 N. Y. 138; *Ten Eyck* v. *Witbeck*, 135 id. 40.) Every element required to establish consideration is lacking in the case at bar with the exception of an alleged agreement to extend the time of payment of Bonnell's existing indebtedness at the time of the giving of the mortgage, followed by actual forbearance. Upon this issue the oral evidence is conflicting, and confined to Bonnell upon the one side and the vice-president of the bank upon the other. Bonnell testified that there was no agreement to extend, either verbal or otherwise. The vice-president admits that the mortgage consummated the prior oral agreement. By the terms of the mortgage, the amount secured thereby is payable upon demand, and from the very moment of its delivery the money it secured was pres-

ently due. The voluntary transfer by an insolvent debtor of his property is more than mere evidence of fraud. It is a fact from which a fraudulent intent may be inferred. (*Erickson* v. *Quinn*, 47 N. Y. 410; *Cole* v. *Tyler*, 65 id. 73; *Smith* v. *Reid*, 134 id. 568.) I think that the referee's finding of no consideration is sustained by the evidence. (*Strong* v. *Sheffield*, 144 N. Y. 392, 395.) While the bank is shown free from a fraudulent intent in the transaction, such intent being established on the part of the insolvent mortgagor it was not necessary to prove that the bank acted with like intent. (*Starin* v. *Kelly*, 88 N. Y. 418, 421; *Bailey* v. *Fransioli*, 101 App. Div. 140; *Billings* v. *Russell*, 101 N. Y. 226; *Wadleigh* v. *Wadleigh*, 111 App. Div. 367, 368.) The cases relied upon by the appellant upon this question are cases in which the controversy arose between the immediate parties to the transaction. In the case at bar it is a third party — a trustee representing creditors of the bankrupt mortgagor — who interposes the want of consideration, as creating a legal fraud affecting his rights and the rights of those he represents, and I do not think that as to him the cases cited are applicable.

It is strenuously contended that, even if the mortgage is without consideration, the trustee cannot attack it unless fraud is shown, because of the provisions of subdivision e of section 67 of the Bankruptcy Act (30 U. S. Stat. at Large, 564, as amd. by 32 id. 800, § 16), and sections 227 and 229 of the Real Property Law (Gen. Laws, chap. 46; Laws of 1896, chap. 547.) Conceding this proposition, its force is destroyed by the fact that in the case at bar insolvency of the mortgagor unites with want of consideration. When both insolvency and want of consideration are shown, fraud is established. (*Wadleigh* v. *Wadleigh*, *supra*.) The provisions of section 229 of the Real Property Law, that a conveyance shall not be adjudged fraudulent as against creditors solely upon the ground that it was not founded on a valuable consideration, presents no ground for reversal, as actual insolvency of the mortgagor is conceded and want of consideration is established.

The order must be affirmed, with ten dollars costs and disbursements.

HIRSCHBERG, P. J., JENKS, BURR and CARR, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.