DURLAND et al. v. CRAWFORD.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. FRAUDULENT CONVEYANCES ⬦⟿299(1)—DETERMINING CIRCUMSTANCES.

The character of a transaction, as or as not a fraudulent conveyance, is to be determined by the circumstances surrounding the parties at the time thereof, and its validity does not depend on subsequent events.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 876; Dec. Dig. ⬦⟿299(1).]

2. FRAUDULENT CONVEYANCES ⬦⟿58—WANT OF CONSIDERATION.

A voluntary conveyance is not fraudulent, if the grantor retained enough to satisfy creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 138, 140, 144–147, 158; Dec. Dig. ⬦⟿58.]

3. FRAUDULENT CONVEYANCES ⬦⟿272—VOLUNTARY CONVEYANCES—OVERCOMING PRESUMPTION.

Even if the rule that a voluntary conveyance by one indebted at the time is presumptively fraudulent as against existing creditors applies to a mere open account for groceries, involving but a few dollars, the presumption is overcome by the evidence that he had a bank balance in excess of the bill, and that the grantee, his wife, had furnished him money to pay off liens, and had made improvements on his properties.

[Ed. Note.—For other cases, see Frandulent Conveyances, Cent. Dig. § 804; Dec. Dig. ⬦⟿272.]

4. FRAUDULENT CONVEYANCES ⬦⟿298(4)—VOLUNTARY CONVEYANCES—CONTEMPLATION OF NEW RISKS—EVIDENCE.

Evidence held not to show that a voluntary conveyance was made in contemplation of new risks to be undertaken, and sought to relieve the grantor from the liabilities thereof, so as to make it frandulent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 895; Dec. Dig. ⬦⟿298(4).]

Appeal from Special Term, Schuyler County.

Action by Charles M. Durland and others against Carrie J. Crawford, formerly Carrie J. Baldwin, individually and as executrix of Robert I. Baldwin, deceased. From a judgment for plaintiffs, setting aside as fraudulent a conveyance of real estate, defendant appeals. Reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Bertrand W. Nye, of Watkins, for appellant.
Lewis E. Mosher, of Elmira, for respondents.

---

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOODWARD, J. This action was brought to set aside a conveyance by Robert I. Baldwin, deceased, to the defendant, by a deed dated October 30, 1907, and recorded on the 6th day of June, 1910. The defendant was the wife of Robert I. Baldwin, and the deed expressed a consideration of "one dollar and other good and valuable considerations." The plaintiffs in this action are local tradesmen, whose accounts run from $3.75 to $166.78, and they have judgment setting aside the transfer of the property in question, on the theory that such transfer was made for the purpose of hindering, delaying, or preventing the collection of debts by the creditors of Robert I. Baldwin. The defendant appeals from the judgment.

It appears from the record that Rachael Baldwin was the wife of Robert I. Baldwin, and that she departed this life on the 6th day of November, 1902, devising her real estate to her husband. Among the parcels was a certain tract of land at the corner of Seventh and Perry streets in the village of Watkins. This tract was 50 by 100 feet, and is the property involved in this action. The will of Rachael Baldwin was not probated until the 17th day of July, 1906, and there appears to have been some controversy over the title to the property, the exact nature of which does not appear; but it at least reached the Surrogate's Court, so that the record title to the property in question did not vest in Robert I. Baldwin until the 17th day of July, 1906. Carrie J. Crawford and Robert I. Baldwin were married on the 17th day of March, 1903, and in April, 1905, the said Robert I. Baldwin conveyed certain premises to his wife; but this has no particular relation to the property involved in this litigation. On the 30th day of October, 1907, the property here under consideration was conveyed to the defendant, and the plaintiffs have secured a judgment setting aside this conveyance as fraudulent, and appropriating the property to the payment of their claims. The deed under which this property was conveyed recited a valuable consideration, and the evidence tended to show that the defendant had invested in the payment for improvements and in the discharge of mortgages upon the properties mentioned a sum approximately equal to the established value of the premises in suit; but the deed was not recorded until after the death of Robert I. Baldwin in June, 1910, and the plaintiffs have builded upon this fact, and have succeeded in convincing the trial court of such a fraud as to vitiate the transfer made in 1907.

[1-3] We are of the opinion that the evidence does not warrant this judgment; that the fact of fraud is not established. The evidence clearly establishes that on the 30th day of October, 1907, the date of the conveyance, Robert I. Baldwin had a balance to his credit in the bank at Watkins of $79.18, and the only account shown to exist against him at that time was a grocery bill to George D. Norman & Son for $66.98. There is some evidence that there were other small accounts running from dates prior to the conveyance and continuing thereafter; but there is no evidence of the condition of the accounts on the day of the transfer, and the character of a transaction is to be determined by the circumstances surrounding the parties at the time it took place. The validity of a conveyance does not depend upon subsequent events. Guy v. Craighead, 40 App. Div. 260, 264, 57 N. Y.

Supp. 1070. But, even if it were shown that Robert I. Baldwin owed other debts on the particular date, there is a marked distinction between indebtedness and insolvency, and the rule is well established in this state that the onus of proving insolvency on the part of a grantor is upon the person assailing the conveyance. Wadleigh v. Wadleigh, 111 App. Div. 367, 97 N. Y. Supp. 1063. The law is that, where insolvency is established, the burden is upon the grantee to show consideration, and when insolvency and want of consideration are both shown, the fraud is established. Wadleigh v. Wadleigh, supra; Lehrenkrauss v. Bonnell, 138 App. Div. 493, 496, 122 N. Y. Supp. 866. The evidence in this case clearly fails to establish that Robert I. Baldwin was insolvent on the 30th day of October, 1907.

While the court in Kerker v. Levy, 206 N. Y. 109, 99 N. E. 181, seems to assert the doctrine that a voluntary conveyance by one indebted at the time is presumptively fraudulent as against existing creditors, such a rule cannot be supposed to apply to a mere open account for groceries, involving but a few dollars, and upon which account the debtor is paying from time to time. But, assuming the rule to go the full limit suggested, there is no evidence here that Robert I. Baldwin owed anything to any of the plaintiffs in this action on the 30th day of October, 1907, which he was not fully prepared to pay. He is affirmatively shown to have had a bank balance in excess of the one bill fully established as of that date, and how much, if anything, he owed upon the open accounts does not appear, and it is to be presumed, in the absence of evidence, that he was able to pay his debts. A man has a perfect right to give his property away, provided he retains enough to satisfy his creditors (Wadleigh v. Wadleigh, supra), and until the evidence shows the contrary the grantee is not called upon to show that there was a consideration for the grant (Lehrenkrauss v. Bonnell, 138 App. Div. 493, 496, 122 N. Y. Supp. 866, and authorities there cited). In the case now before us there is some evidence at least that the defendant had furnished money to pay off liens upon the property of her husband, and had made improvements upon his properties, and in the absence of evidence that Robert I. Baldwin owed his creditors sums of money which he was unable or unwilling to pay on the 30th day of October, 1907, this evidence ought to prevail over any inference to be drawn from the facts appearing in this case.

[4] An effort is made to bring this case within the rule that a transfer of property without consideration, in contemplation of new risks to be undertaken, and which seeks in effect to relieve the grantor from the liabilities of such new business, is fraudulent; but the evidence falls far short of any such classification. Robert I. Baldwin had been engaged in constructing cement sidewalks as a contractor, and appears to have branched out into the making of cement building blocks at or near the time of this transfer; but there is not the slightest evidence to show that the transfer was made with reference to this development of his business, or that it had for its object the protection of Robert I. Baldwin from the consequences of his business. Moreover, there is no evidence that the alleged new business was not profitable; no suggestion is made that any money was lost in connection

with such new business, and the record merely discloses that Mr. Baldwin, doing business on a small scale, had running accounts with his grocer, his hardware dealer, and other small tradesmen in his town. He paid on these accounts from time to time, and it is absurd to suggest that this transfer, made in 1907, was deliberately entered into with the purpose of cheating these local merchants out of the balances which might exist at any given time. The entire indebtedness, allowing all the claims which were ever suggested against the estate, does not exceed $658.46, and the fact that some of these accounts had been continued for years, both before and after the transfer, and that payments were made upon them by Mr. Baldwin in the ordinary course of dealing, precludes the theory that there was any purpose in the transfer, other than the doing of the right thing as between the husband and wife under the circumstances shown to exist.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur.