LOREN M. MARTIN et al., Plaintiffs, Appellees, v. W. E. LANGFITT et al., Defendants, Appellees; ELSIE BELLE LANGFITT, Defendant, Appellant.

No. 43979.

DECEMBER 14, 1937.

Kelleher & Donohoe, for appellees, Loren M. Martin, Charles E. Watts, Albert C. Shimon, G. A. Hunt and L. A. Woods, trustees.

J. O. Watson, Jr., and Murray S. Spurgin, for appellant Elsie Belle Langfitt.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellees, A. B. Langfitt and J. W. Langfitt as administrators of the estate of Nancy J. Langfitt, deceased; A. B. Langfitt and J. W. Langfitt as administrators with the will annexed of the estate of William F. Langfitt, deceased; Nina E. Taylor, Robert C. Langfitt, Arthur B. Langfitt, Edward A. Langfitt, Ernest Langfitt, Irene Arabella Francis, C. Homer Langfitt, Joseph Walter Langfitt, Cora E. Hall, Ethel M. Booth, and Maude M. Mooney.

MITCHELL, J.—Loren M. Martin and four others are trustees for depositors of a former bank at Plover, near which town W. E. Langfitt and his wife until shortly before March 1, 1935, were engaged in farming. W. E. Langfitt was indebted to the bank and suit was brought in the Pocahontas district court and judgment entered in the amount of $2,293.62.

In May following the entering of the judgment, Nancy J. Langfitt, the mother of W. E. Langfitt, died. Under the will of her husband she was entitled for life to the income of his estate, the remainder to go to their children. Immediately after the death of the mother, W. E. Langfitt had drawn up a certain instrument entitled "Conveyance and Assignment," naming his wife, Elsie Belle Langfitt, as assignee.

This action was brought by the judgment creditors under Code section 11815, in aid of their execution and garnishment to subject the property and funds (to the extent of the judgment debtor's interest therein) in the hands of the administrators, to the lien of their judgment, and to have the alleged

assignment to Elsie Belle Langfitt declared to be a voluntary transfer, made and accepted in fraud of creditors and without consideration, and to set aside the same for those reasons as an obstacle to enforcement of the garnishment.

There was a trial, at which evidence was offered, and the lower court entered judgment and decree as prayed for by the plaintiffs. Elsie Belle Langfitt has appealed.

Appellant concedes the insolvency of W. E. Langfitt and that the rights of his creditors were impaired by the conveyance sought to be set aside in this action. It is appellant's contention that some fifteen years before this transfer was made she received some money from the estate of her father and that she loaned it to her husband and he executed and delivered to her a promissory note, and that that was the consideration for the transfer.

It is an exceedingly peculiar record that confronts us. W. E. Langfitt, testifying for the appellees, admitted that he made the transfer for the sole purpose of preventing his creditors, including the appellees, from collecting the money which he owed them. ''It was a case of self-preservation, for the purpose of preserving the interest in the estate so it could not be taken on the judgment,'' and he received no consideration of any kind or description for making the transfer. Appellant's theory is that her husband owed her some money and that the note was given to take care of that. But her testimony does not bear that out. She admits that she never surrendered the note, made no endorsement on it, did not mark it ''paid,'' did not agree to surrender it; and, finally, she says the note has not been paid.

In the case of Frank v. Von Bayer, 205 App. Div. 298, 199 N. Y. S. 505, at pages 508, 509, that court said:

''The two things necessary to be shown to avoid the effect of a fraudulent transfer by the transferee is that she paid a valuable consideration for the transfer to the debtor and that she had no notice of the fraud, or knowledge of facts sufficient to put her on inquiry. There can be no finding here within the evidence that there was a valuable consideration paid by the wife, nor do I understand from the court's opinion that it was his intent to so find. * * * Transfers by an insolvent debtor to a creditor as security for an antecedent debt do not make the

grantee a purchaser for a valuable consideration, where a creditor taking the property advances nothing, and at the time relinquishes no security then held, and suspends no remedy upon the debt. * * *

"The law presumes that she made the inquiry and ascertained the extent of the prior rights, or, if she did not do so, that she was guilty of such a degree of negligence as was fatal to her claim to be a bona fide purchaser. While this presumption may be repelled by proof that she failed to discover the prior rights, yet it was her duty to show an exercise of proper diligence on her part to endeavor to make such discovery."

In Lehrenkrauss v. Bonnell, 138 App. Div. 493, 122 N. Y. S. 866, 868, we find the following:

"It has long been the rule of law in this state that where an insolvent debtor transfers his property to one of his creditors as security for an antecedent debt, and the creditor taking the property advances nothing at the time, does not relinquish the security then held, or suspend any remedy upon it, such grantee is not a purchaser for a valuable consideration."

The mere fact that appellant may have been a creditor of Langfitt, is, under the undisputed facts in this case, entirely immaterial. It is impossible to read the evidence given by the judgment debtor and his wife, without the conviction that there was no thought in the mind of either one of them except that of putting the judgment debtor's money and property beyond the reach of his creditors. W. E. Langfitt testified that the transfer was made without any consideration, for the sole purpose of putting his property beyond the reach of his creditors. Elsie Belle Langfitt testified that she did not surrender the note; that she did not consider it paid; that she had not endorsed any payment on it, and finally, that it was not paid. There was no consideration for the transfer made.

The lower court was right in entering the decree and judgment setting aside the transfer, and it necessarily follows that this case must be and it is hereby affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, RICHARDS, SAGER, DONEGAN, and STIGER, JJ., concur.