■ BATTLEFIELD FREEDOM WASH, LLC, Respondent, v SONG YAN ZHUO, Defendant, and TING HUI ZHENG et al., Appellants. [51 NYS3d 527]—

In an action to set aside a transfer of real property as fraudulent pursuant to the Debtor and Creditor Law, the defendants Ting Hui Zheng, Jian Zheng, and Chun Fang Zheng appeal from (1) an order of the Supreme Court, Queens County (Livote, J.), dated November 6, 2014, which granted those branches of the plaintiff's motion which were pursuant to CPLR 4403 to reject certain portions of the report of a referee (Elizabeth Yablon, Ct. Atty. Ref.) and, thereupon, to set aside as fraudulent pursuant to Debtor and Creditor Law §§ 273, 274, and 275 the subject transfer of real property to the extent necessary to satisfy the plaintiff's judgment against the defendant Song Yan Zhuo, and (2) a judgment of the same court

entered August 6, 2015, which, upon the order, set aside the subject transfer of real property to the extent necessary to satisfy the plaintiff's judgment against the defendant Song Yan Zhuo.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Song Yan Zhuo leased real property from the plaintiff in Chesapeake, Virginia, and operated a restaurant there. In December 2006, several months after opening the restaurant, Song Yan Zhuo transferred his interest in certain real property located in Queens to the defendants Ting Hui Zheng, Jian Zheng, and Chun Fang Zheng (hereinafter collectively the Zheng defendants). Immediately thereafter, he began to make only partial rental payments to the plaintiff, and in September 2008 he defaulted completely. The plaintiff obtained a judgment against Song Yan Zhuo in Virginia for unpaid rent, and subsequently commenced this action, alleging that the transfer of the real property in Queens was fraudulent under the Debtor and Creditor Law. A trial was held before a referee, who found that while there was no consideration paid for the property, the plaintiff failed to show that Song Yan Zhuo was insolvent at the time of the transfer, and therefore found in favor of the defendants. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 4403 to reject certain portions of the referee's report and, thereupon, to set aside as fraudulent pursuant to Debtor and Creditor Law §§ 273, 274, and 275 the subject transfer of real property to the extent necessary to satisfy the plaintiff's judgment against Song Yan Zhuo. The Supreme Court granted those branches of the plaintiff's motion.

The Supreme Court properly rejected portions of the referee's report and set aside as fraudulent pursuant to Debtor and Creditor Law §§ 273, 274, and 275 the subject transfer of real property to the extent necessary to satisfy the plaintiff's judgment against Song Yan Zhuo. Debtor and Creditor Law § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered

insolvent is fraudulent as to creditors without regard to his [or her] actual intent if the conveyance is made or the obligation is incurred without a fair consideration." The parties do not dispute the referee's finding that the transfer of property was made without fair consideration. The only issue in dispute is as to Song Yan Zhuo's insolvency.

"A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his [or her] existing debts as they become absolute and matured" (Debtor and Creditor Law § 271 [1]; *see Murin v Estate of Schwalen*, 31 AD3d 1031 [2006]). "Assets" of a debtor are "property not exempt from liability for his [or her] debts. To the extent that any property is liable for any debts of the debtor, such property shall be included in his [or her] assets," and " '[d]ebt' includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent" (Debtor and Creditor Law § 270). Insolvency is measured at the time of the conveyance (*see Durland v Crawford*, 172 App Div 283 [1916]).

In general, the burden of proving insolvency is on the party challenging the conveyance (*see Joslin v Lopez*, 309 AD2d 837 [2003]). However, when a transfer is made without fair consideration, a presumption of insolvency and fraudulent transfer arises, and the burden shifts to the transferee to rebut that presumption (*see Miner v Edwards*, 221 AD2d 934 [1995]; *Matter of Oppenheim*, 269 App Div 1040 [1945]). Here, therefore, the Zheng defendants bore the burden of rebutting the presumption of Song Yan Zhuo's insolvency.

The Zheng defendants argue that the conveyance did not render Song Yan Zhuo insolvent because Song Yan Zhuo retained substantial saleable assets (*see St. Teresa's Nursing Home v Vuksanovich*, 268 AD2d 421 [2000]). However, the evidence at trial did not establish that Song Yan Zhuo had any saleable assets. Any purported interest Song Yan Zhuo retained in the restaurant he operated in Chesapeake, Virginia, and another restaurant he operated in Midlothian, Virginia, is too speculative to be considered a salable asset for the purpose of an insolvency determination (*see Ede v Ede*, 193 AD2d 940 [1993]). No evidence of the value of Song Yan Zhuo's interest in the two Virginia restaurants he operated was presented at trial. The only evidence presented was that both restaurants were failing, and both defaulted on their rent obligations, for which Song Yan Zhuo was personally liable. Song Yan Zhuo also owed considerable sums for unpaid wages, supplies, and renovations.

In addition to these debts, the evidence at trial also showed that Song Yan Zhuo was still liable on the mortgage on the subject property, was indebted to Chun Fang Zheng's relatives for loans to open the restaurant in Chesapeake, and was responsible for paying child support to Chun Fang Zheng. Chun Fang Zheng testified several times at trial that Song Yan Zhuo did not have any money, and did not have anything after transferring the property. Indeed, immediately after the conveyance of the subject property, Song Yan Zhuo began to make partial rental payments to the plaintiff.

Thus, the evidence at trial demonstrated that Song Yan Zhuo's assets were less than his liabilities at the time of the conveyance. As the Zheng defendants failed to rebut the presumption of insolvency, the Supreme Court properly granted that branch of the plaintiff's motion which was to set aside as fraudulent pursuant to Debtor and Creditor Law § 273 the subject transfer of property to the extent necessary to satisfy the plaintiff's judgment against Song Yan Zhuo.

Concomitantly, the evidence at trial showed that Song Yan Zhuo was left with an unreasonably small amount of capital after the conveyance, and therefore the Supreme Court properly granted that branch of the plaintiff's motion which was to set aside as fraudulent pursuant to Debtor and Creditor Law § 274 the subject transfer of property to the extent necessary to satisfy the plaintiff's judgment against Song Yan Zhuo.

As the evidence at trial also showed that Song Yan Zhuo believed that insolvency would result from the conveyance, the Supreme Court properly granted that branch of the plaintiff's motion which was to set aside as fraudulent pursuant to Debtor and Creditor Law § 275 the subject transfer of property to the extent necessary to satisfy the plaintiff's judgment against Song Yan Zhuo (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526 [1999]).

The Zheng defendants' remaining contention is improperly raised for the first time in their reply brief. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.