Medical Arts-Huntington Realty, LLC, Respondent, v Meltzer Rosenberg Development, LLC, et al., Appellants, et al., Defendants. [52 NYS3d 382]—

In an action to set aside a conveyance of funds as fraudulent under the Debtor and Creditor Law, the defendants Meltzer Rosenberg Development, LLC, Lewis S. Meltzer, Bernard Rosof, Bette Ganz, Thomas Palmieri, S&J Enterprises, L.P., Carol Reichers, Gary Meltzer, Paul Bermanski, Sheldon Goldstein, DML Consultants, LLC, doing business as DML Consulting, LLC, Sharon Meltzer, David Weiss, Gary Meltzer, as Trustee of the Carli Pearl Meltzer Trust, and Gary Meltzer, as Trustee of the Remi Dylan Meltzer Trust, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated July 21, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on its causes of action pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against them, as determined that the plaintiff was entitled to attorneys' fees, and as denied that branch of their cross motion which was pursuant to CPLR 3211 (a) (1) to dismiss the causes of action pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against them, (2) so much of an order of the same court dated December 23, 2014, as awarded the plaintiff attorneys' fees in the sum of $11,650 insofar as against them, and (3) so much of a judgment of the same court entered April 27, 2015, as directed them to pay certain funds to the plaintiff pursuant to the principle of joint and several liability.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof imposing joint and several liability, and substituting therefor a provision imposing several liability, and by deleting the provision thereof imposing judgment against the defendant Lewis S. Meltzer in the sum of $12,435, consisting of attorneys' fees in the sum of $11,650 and costs and disbursements in the sum of $785, and substituting therefor a provision imposing judgment against that defendant in the sum of $1,492.20; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In 2005, the plaintiff entered into a contract to purchase real estate from nonparty 214 Wall Associates, LLC (hereinafter 214 Wall), for the sum of $1,750,000. By a survival agreement dated June 21, 2006, the plaintiff and 214 Wall agreed, inter alia, that certain potential claims of each party would survive the closing. By a guaranty executed in July 2006, the appellants, as members of 214 Wall, agreed to guaranty "the payment and performance of all obligations of [214 Wall] under the Survival Agreement[,]" agreed that they "shall not be released by any act or thing which might . . . be deemed a legal or equitable discharge of a guarantor or surety" and "expressly waive[d] and surrender[ed] any defense to its liability hereunder." The appellants also agreed to payment of attorneys' fees, should the plaintiff be required to bring legal action to enforce the guaranty, and stated that they were each severally liable based on their "respective percentages" as established in an annexed schedule.

Thereafter, the plaintiff commenced an action against 214 Wall for its nonperformance of certain obligations pursuant to the real estate conveyance. After a jury trial, a judgment was rendered in favor of the plaintiff in the amount of $133,204.34, and a second judgment in the amount of $179,251.42 was also rendered in favor of the plaintiff for its litigation expenses. The plaintiff, having only received $60,144 against the main judgment and $74,915.40 against the expenses judgment, commenced this action against, among others, the appellants,

demanding enforcement of the guaranty and the recovery of funds distributed to the appellants by fraudulent conveyances pursuant to, inter alia, Debtor and Creditor Law §§ 273 and 274, as well as attorneys' fees. In its motion for summary judgment on those causes of action, the plaintiff alleged that the appellants were jointly and severally liable for all expenses, including the attorney's fees. The appellants cross-moved, pursuant to CPLR 3211 (a) (1), to dismiss the causes of action pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against them. The Supreme Court granted the plaintiff's motion and denied the appellants' cross motion.

The plaintiff made a prima facie showing that it was entitled to summary judgment on its fraudulent conveyance causes of action pursuant to Debtor and Creditor Law §§ 273 and 274 insofar as asserted against the appellants, by submitting evidence that the transfers of proceeds from the sale of the property, made by 214 Wall to the appellants, rendered 214 Wall insolvent and were made without fair consideration. In opposition, the appellants failed to establish that they provided fair consideration within the meaning of the Debtor and Creditor Law. The Supreme Court therefore properly granted those branches of the plaintiff's motion which were for summary judgment on those causes of action insofar as asserted against the appellants (*see American Panel Tec v Hyrise, Inc.*, 31 AD3d 586, 588 [2006]; *Laco X-Ray Sys. v Fingerhut*, 88 AD2d 425, 433 [1982]; *see generally GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967 [1985], citing CPLR 3212 [b], and *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

However, because the guaranty limited the liability of the appellants to "*Laco X-Ray Sys. v Fingerhut* [appellant] by [214 Wall] in connection with the sale of the Premises," and the plaintiff presented no evidence of an intent by the appellants to defraud, it was improper for the Supreme Court to impose joint and several liability rather than just several liability on the appellants (*see Farm Stores v School Feeding Corp.*, 102 AD2d 249, 255 [1984], *affd in part* 64 NY2d 1065 [1985]).

It was also proper for the Supreme Court to grant that branch of the plaintiff's motion which was for summary judgment on its cause of action for attorneys' fees pursuant to the language of the guaranty (*see Yellow Book of N.Y., L.P. v Cataldo*, 81 AD3d 638, 640 [2011]; *see generally GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d at 967). However, as the appellants correctly contend, although the court correctly directed judgment against each appellant severally, it failed to limit the liability of the appellant Lewis S. Meltzer to his per-

centage interest in 214 Wall. The attorneys' fees attributed to him should be calculated, as stated in the guaranty, based on his "respective percentage" share, rather than a full share, as imposed by the court (*see Yellow Book of N.Y., L.P. v Cataldo*, 81 AD3d at 640).

The appellants' remaining contentions are without merit. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.