Cheek v Brooks (2020 NY Slip Op 06485)





Cheek v Brooks


2020 NY Slip Op 06485


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-13495
 (Index No. 508012/15)

[*1]Deshay Cheek, respondent, 
v
Khareem Brooks, appellant, et al., defendants.


Norman Keith White, Brooklyn, NY, for appellant.
The Frankel Law Firm, New York, NY (Richard H. Bliss, Michael Stewart Frankel, and Reuven S. Frankel of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to set aside conveyances as fraudulent pursuant to Debtor and Creditor Law former article 10, the defendant Khareem Brooks appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated October 4, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking relief pursuant to Debtor and Creditor Law former § 273.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2002, the defendant Harold Deveaux, Jr., transferred real properties located on Greene Avenue and Adelphi Street in Brooklyn (hereinafter together the subject properties) to his nephew, the defendant Khareem Brooks. At that time, the plaintiff, who lived at the Greene Avenue property from her birth in 1994 through at least 1995, possessed a cause of action against Deveaux for lead poisoning. In 2008, the plaintiff, by her mother, commenced an action against Deveaux and, in 2009, obtained a judgment against him. Deveaux died in 2015.
In 2015, the plaintiff commenced this action against, among others, Brooks, alleging, inter alia, constructive fraud pursuant to Debtor and Creditor Law former § 273 and seeking to set aside the conveyances of the subject properties. The plaintiff moved, inter alia, for summary judgment on the cause of action seeking relief pursuant to Debtor and Creditor Law former § 273. In an order dated October 4, 2018, the Supreme Court, among other things, granted that branch of the plaintiff's motion. Brooks appeals.
Pursuant to the version of Debtor and Creditor Law § 273 applicable at the time of the subject conveyances, "a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration" (Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 747; see L 2019, ch 580, § 2; Debtor and Creditor Law former § 273; Grace Plaza of Great Neck v Heitzler, 2 AD3d 780, 781). To constitute fair consideration, the value given in exchange must be fairly equivalent and proportionate to the value of the property conveyed (see Debtor and Creditor Law former § 272; Commodity Futures Trading Commn. v Walsh, 17 NY3d 162, 175; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 748; Sardis v Frankel, 113 AD3d 135, 141).
"An individual is 'insolvent' within the meaning of the Debtor and Creditor Law when 'the present fair salable value of his [or her] assets is less than the amount that will be required to pay his [or her] probable liability on . . . existing debts as they become absolute and matured'" (Grace Plaza of Great Neck v Heitzler, 2 AD3d at 781, quoting Debtor and Creditor Law former § 271[1]; see Matter of City of Syracuse Indus. Dev. Agency [Amadeus Dev., Inc.—Financitech, Ltd.], 156 AD3d 1329, 1332). Insolvency is a "'prerequisite[ ] to a finding of constructive fraud under [former] section 273'" (Matter of City of Syracuse Indus. Dev. Agency [Amadeus Dev., Inc.—Financitech, Ltd.], 156 AD3d at 1332, quoting Joslin v Lopez, 309 AD2d 837, 838; see Murin v Estate of Schwalen, 31 AD3d 1031, 1032).
Within the meaning of Debtor and Creditor Law former article 10, a creditor is any person who has a claim (see Debtor and Creditor Law former § 270). Where an individual has a tort claim against the conveyor, she or he becomes a creditor at the moment the claim accrues, viz., at the moment of injury (see Matter of Shelly v Doe, 249 AD2d 756, 757).
Here, Brooks claimed that he purchased the Greene Avenue property for $200,000 and the Adelphi Street property for $170,000, and he tendered a contract for the purchase and sale of the Greene Avenue property which stated a purchase price of $200,000. However, the deeds for both properties recite consideration in the sum of only $10 and neither indicates that any transfer tax was paid. Although "[i]t is always open to a party, where a nominal consideration is expressed, to show what the real consideration was" (Medical Coll. Lab. v New York Univ., 178 NY 153, 165), Brooks failed to do so. In any event, as the Supreme Court noted, the record made clear that the alleged purchase prices were not fairly equivalent and proportionate to the value of the subject properties (see Debtor and Creditor Law former § 272; Commodity Futures Trading Commn. v Walsh, 17 NY3d at 175; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d at 748; Sardis v Frankel, 113 AD3d at 141).
"In general, the burden of proving insolvency is on the party challenging the conveyance. However, when a transfer is made without fair consideration, a presumption of insolvency and fraudulent transfer arises, and the burden shifts to the transferee to rebut that presumption" (Battlefield Freedom Wash, LLC v Song Yan Zhuo, 148 AD3d 969, 971 [citation omitted]; see Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 166 AD3d 496, 497). Brooks's conclusory assertions and those of his aunt that Deveaux was not rendered insolvent were insufficient to rebut that presumption (see Pullman v Silverman, 28 NY3d 1060, 1062; Zhuoya Luo v Wensheng Wang, 176 AD3d 1016, 1018).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the cause of action seeking relief pursuant to Debtor and Creditor Law former § 273.
Brooks's remaining contentions are not properly before this Court.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court