Palmerone v Staples (2021 NY Slip Op 03598)





Palmerone v Staples


2021 NY Slip Op 03598


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-09750
 (Index No. 552/12)

[*1]Joseph Palmerone, et al., respondents,
v
Hamilton Staples, et al., defendants, Valerie Staples, appellant.


Valerie Staples, Rotonda West, Florida, appellant pro se.
Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to set aside conveyances as fraudulent pursuant to Debtor and Creditor Law former article 10, the defendant Valerie Staples appeals from a judgment of the Supreme Court, Orange County (Sandra Sciortino, J.), dated July 1, 2014. The judgment, insofar as appealed from, upon an order of the same court dated June 3, 2014, inter alia, granting those branches of the plaintiffs' motion which were for summary judgment on the causes of action seeking relief pursuant to Debtor and Creditor Law former §§ 273 and 274 insofar as asserted against the defendant Valerie Staples, is in favor of the plaintiffs and against that defendant in the principal sum of $229,981.38.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In September 2006, the plaintiff Joseph Palmerone conveyed to the defendant Hickory Shadow, Inc. (hereinafter Hickory), among others, certain real property adjoining lands owned by Palmerone and the plaintiff Taylor's Way, LLC (hereinafter together the plaintiffs), in the Town of Newburgh. As part of the conveyance, Palmerone reserved an easement for the plaintiffs as owners of the adjoining lands. Subsequently, in December 2006, the plaintiffs commenced an action (hereinafter the 2006 action) against, among others, Hickory, inter alia, to recover damages for breach of contract, trespass, and conversion after an attempt had been made to terminate the easement. Ultimately, with respect to the 2006 action, a judgment was entered on November 1, 2013, in favor of the plaintiffs and against Hickory in the principal sum of $229,981.38. Hickory did not satisfy the judgment entered in the 2006 action.
Meanwhile, during the pendency of the 2006 action prior to the entry of judgment against Hickory, in 2009, Hickory conveyed several parcels of real property located in New Windsor to the defendant Englewood Contracting, Inc. (hereinafter Englewood). Hickory and Englewood are both solely owned by the defendant Hamilton Staples (hereinafter Hamilton).
In addition, on August 20, 2009, Hickory conveyed a parcel known as Lot No. 10 to the defendant Selpats of Florida, LLC (hereinafter Selpats). Selpats was solely owned by the defendant Valerie Staples (hereinafter Valerie), Hamilton's mother, and was formed two months [*2]prior to Lot No. 10's conveyance from Hickory. Approximately 15 months later, on November 20, 2010, Valerie, on behalf of Selpats, conveyed Lot No. 10 to the defendant 16 Harcourt Cosman Drive Corp., which is solely owned by Hamilton. Subsequently, during that year, Selpats was dissolved. Thereafter, Lot No. 10, along with the other transferred parcels of real property initially owned by Hickory, were encumbered by mortgages that were defaulted on and foreclosed upon.
The plaintiffs commenced this action against, among others, Hickory, Hamilton, and Valerie, inter alia, to set aside these conveyances as fraudulent pursuant to Debtor and Creditor Law former §§ 273, 274 and 276 and to recover monetary damages. The plaintiffs alleged that Hickory, with the assistance of the other defendants, fraudulently conveyed the subject parcels of real property to elude its debt of $229,981.38. The plaintiffs moved, inter alia, for summary judgment on the complaint. In an order dated June 3, 2014, the Supreme Court, among other things, granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action seeking relief pursuant to Debtor and Creditor Law former §§ 273 and 274 insofar as asserted against Valerie. Judgment was entered, inter alia, in favor of the plaintiffs and against Valerie in the principal sum of $229,981.38. Valerie appeals.
"Pursuant to the version of Debtor and Creditor Law § 273 applicable at the time of the subject conveyance[s], a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration" (Bridgehampton Natl. Bank v D & G Partners, L.P., 186 AD3d 1310, 1311; see L 2019, ch 580, § 2; Debtor and Creditor Law former § 273; Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303). Pursuant to the version of Debtor and Creditor Law § 274 applicable at the time of the subject conveyances, a conveyance is fraudulent as to creditors without regard to actual intent when it is "made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his [or her] hands after the conveyance is an unreasonably small capital" (Debtor and Creditor Law former § 274; see L 2019, ch 580, § 2; Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 747-748). "To constitute fair consideration, the value given in exchange must be fairly equivalent and proportionate to the value of the property conveyed" (Cheek v Brooks, 188 AD3d 785, 786; see Debtor and Creditor Law former § 272).
Insolvency within the meaning of the Debtor and Creditor Law occurs when "the present fair salable value of [its] assets is less than the amount that will be required to pay [its] probable liability on . . . existing debts as they become absolute and matured" (Debtor and Creditor Law former § 271[1]; see Grace Plaza of Great Neck v Heitzler, 2 AD3d 780, 781). "Insolvency is a prerequisite[ ] to a finding of constructive fraud under [former] section 273" (Cheek v Brooks, 188 AD3d at 786 [internal quotation marks omitted]). "In general, the burden of proving insolvency is on the party challenging the conveyance. However, when a transfer is made without fair consideration, a presumption of insolvency and fraudulent transfer arises, and the burden shifts to the transferee to rebut that presumption" (Battlefield Freedom Wash, LLC v Song Yan Zhuo, 148 AD3d 969, 971 [citation omitted]).
Here, the plaintiffs made a prima facie showing that they were entitled to summary judgment on the fraudulent conveyance causes of action pursuant to Debtor and Creditor Law former §§ 273 and 274 insofar as asserted against Valerie by submitting evidence that the conveyance of Lot No. 10 to Selpats rendered Hickory insolvent and was made without fair consideration (see Cheek v Brooks, 188 AD3d at 786; Medical Arts-Huntington Realty, LLC v Meltzer Rosenberg Dev., LLC, 149 AD3d 824, 826). In opposition, Valerie failed to raise a triable issue of fact as to whether Selpats provided fair consideration within the meaning of the Debtor and Creditor Law and whether the subject conveyance rendered Hickory insolvent (see Medical Arts-Huntington Realty, LLC v Meltzer Rosenberg Dev., LLC, 149 AD3d at 826).
In addition, the Supreme Court properly pierced the corporate veil of Selpats and held Valerie individually liable to the plaintiffs. "Piercing the corporate veil is an equitable concept that allows a creditor to disregard a corporation and hold its controlling shareholders personally liable for the corporate debt" (Matter of Moshell v Alter, 186 AD3d 712, 713 [internal quotation marks [*3]omitted]). "Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [internal quotation marks omitted]).
Here, the plaintiffs submitted evidence that Valerie was Selpats's sole owner, exercised complete domination of Selpats, which domination was used to commit a fraud or wrong against the plaintiffs, and abused the privilege of doing business in the corporate form (see NPR, LLC v Met Fin Mgt., Inc., 63 AD3d 1128, 1129-1130).
Accordingly, the Supreme Court properly granted those branches of the plaintiffs' motion which were for summary judgment on the causes of action seeking relief pursuant to Debtor and Creditor Law former §§ 273 and 274 insofar as asserted against Valerie.
In light of our determination, we need not reach the plaintiffs' remaining contention.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court